6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ORIGINAL
United States District Court
Southern District of Texas
FILED

MAR 2 0 2002

Michael N. Milby
Clerk of Court

MARCA-TEL, S.A. DE C.V., §
§
Plaintiff, §
§          CIVIL ACTION NO. B-02-034
vs. §
§
THOMAS K. GARNER, WESTEL, §
INC.; and WESTEL INTERNATIONAL §
INC., §
§
Defendants.

<u>ORIGINAL ANSWER OF TOMMY K. GARNER, WESTEL, INC. AND WESTEL
INTERNATIONAL, INC.</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Tommy K. Garner ("Garner"), Westel, Inc. and Westel International, Inc.

("Defendants"), subject to their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and

12(b)(7), file their Original Answer to Plaintiff Marca-Tel, S.A. de C.V.'s ("Marca-Tel" or

"Plaintiff") Complaint (the "Complaint") and state as follows with respect to each paragraph in the

Complaint ("Paragraph"):

1.      Defendants deny that any of them defrauded Marca-Tel of any amount of money, and

dispute Marca-Tel's allegation that they defrauded Marca-Tel for over $9.4 million. Defendants

admit only that Marca-Tel is in the business of providing long distance telephone service and owns

a fiber-optic network in Mexico. Defendants lack sufficient information to admit or deny as to

whether Marca-Tel is in the business of providing long distance telephone service and owns a

fiber-optic network in Texas. Defendants admit that Westel, Inc. and Westel International, Inc. are

in the long-distance telephone service business, with switching equipment and a customer base in

Texas. Defendants admit that Garner is an employee and president of Westel, Inc., that Garner is

president of Westel International, Inc., and that Garner and his wife are the only shareholders of

Westel, Inc. and Westel International, Inc.. Defendants admit that in 1997, Westel International, Inc. indirectly owned approximately 24.5% of Marca-Tel. Defendants deny all of the other allegations and the remaining portions of Paragraph 1.

2.      After the Director General of Marca-Tel was removed, Garner, John Fleming, Jim Guthrie and Gustavo de la Garza became involved in the administration, management and operation of Marca-Tel on an interim basis until a Director General of Marca-Tel was hired. Defendants deny all of the other allegations and the remaining portions of Paragraph 2.

3.      Defendants admit that Marca-Tel is a Mexican corporation with its principal place of business in Monterrey, Nuevo León, Mexico as alleged in Paragraph 3.

4.      Defendants deny that Tommy K. Garner's name is Thomas K. Garner, but Defendants admit that Garner is an individual and that he resides in Austin, Texas as alleged in Paragraph 4. Defendants deny the service information alleged in Paragraph 4.

5.      Defendants admit that Westel, Inc. is a Texas corporation with its principal place of business in Austin, Texas as alleged in Paragraph 5. Defendants deny the service information alleged in Paragraph 5.

6.      Defendants admit that Westel International, Inc. is a Texas corporation with its principal place of business in Austin, Texas as alleged in Paragraph 6. Defendants deny the service information alleged in Paragraph 6.

7.      Defendants deny that this Court has subject matter jurisdiction over this controversy as alleged in Paragraph 7.

8.      Defendants admit only that they are residents and citizens of Texas, that they conduct business in Texas, that Garner resides in Austin, Texas, that Garner has his place of business in Austin, Texas, that Westel, Inc. and Westel International, Inc. are Texas corporations whose principal place of business is in Austin, Texas. Defendants deny all of the other allegations and the remaining portions of Paragraph 8.

9.      Defendants deny that venue is proper in this Court under 28 U.S.C. § 1391(a) as alleged in Paragraph 9. Defendants deny that a substantial portion of the events or omissions giving rise to Marca-Tel's claims occurred in this District and that a substantial part of the property that is the subject of this action is located in this District. Defendants deny that Marca-Tel owned at all relevant times fiber optic lines in this District that carried the Westel long-distance traffic at issue in this case, and Defendants lack sufficient information to admit or deny that Marca-Tel now owns the fiber optic lines in this District that carried all the Westel long-distance traffic at issue in this case. Defendants deny all of the other allegations and the remaining portions of Paragraph 9.

10.     Defendants admit only that Marca-Tel is in the business of providing long distance telephone service and owns a fiber-optic network in Mexico.  Defendants lack sufficient information to admit or deny as to whether Marca-Tel is in the business of providing long distance telephone service or owns a fiber-optic network in Texas.  Defendants lack sufficient information to admit or deny the other allegations and the remaining portions of Paragraph 10.

11.     Defendants admit that the Westel Defendants are in the business of providing long distance telephone service, that Garner is an employee and president of Westel, Inc., and that Garner is the president of Westel International, Inc., and that Garner and his wife are the only shareholders of Westel, Inc. and Westel International, Inc.  Defendants admit that Westel owns switching equipment in Texas, has customers in Texas and elsewhere in the U.S., and that Westel leases fiber-optic, microwave, and cable lines owned by third-parties to carry its long distance traffic. Defendants deny all of the other allegations and the remaining portions of Paragraph 11.

12.     Defendants deny all of the allegations and statements made in Paragraph 12.

13.     Defendants deny all of the allegations and statements made in Paragraph 13.

14.     Defendants admit only that in 1997 Garner, together with John Fleming, Jim Guthrie and Gustavo de la Garza provided management services to Marca-Tel on an interim basis, and that at

the time, Westel International indirectly owned approximately 24.5% of Marca-Tel. Defendants deny all of the other allegations and the remaining portions of Paragraph 14.

15.    Defendants deny all of the allegations and statements made in Paragraph 15.

16.    Defendants deny all of the allegations and statements made in Paragraph 16.

17.    Defendants deny all of the allegations and statements made in Paragraph 17.

18.    Defendants deny all of the allegations and statements made in Paragraph 18 except that Defendants lack sufficient information to either admit or deny whether there have been criminal fraud actions brought against Garner in Mexico.

19.    Defendants believe that the allegations and statements made in Paragraph 19 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 19.

20.    Defendants deny all of the allegations and statements made in Paragraph 20.

21.    Defendants deny all of the allegations and statements made in Paragraph 21.

22.    Defendants deny all of the allegations and statements made in Paragraph 22.

23.    Defendants deny all of the allegations and statements made in Paragraph 23.

24.    Defendants deny all of the allegations and statements made in Paragraph 24.

25.    Defendants deny all of the allegations and statements made in Paragraph 25.

26.    Defendants deny all of the allegations and statements made in Paragraph 26.

27.    Defendants deny all of the allegations and statements made in Paragraph 27.

28.    Defendants deny all of the allegations and statements made in Paragraph 28.

29.    Defendants deny all of the allegations and statements made in Paragraph 29.

30.    Defendants deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or punitive damages as alleged in Paragraph 30.

31.    Defendants deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or punitive damages as alleged in Paragraph 31 from any of

the Defendants.  Defendants further deny that they should be held  jointly and severally liable or that they are joint tortfeasors.

32.     Defendants believe that the allegations and statements made in Paragraph 32 do not require a response, but to the extent that a response is required, Defendants deny all of  the allegations and statements made in Paragraph 32.

33.     Defendants deny all of  the allegations and statements made in Paragraph 33.

34.     Defendants deny all of  the allegations and statements made in Paragraph 34.

35.     Defendants deny all of  the allegations and statements made in Paragraph 35.

36.     Defendants deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or punitive damages as alleged in Paragraph 36 from any of the Defendants.  Defendants further deny that they should be held  jointly and severally liable or that they are joint tortfeasors.

37.     Defendants believe that the allegations and statements made in Paragraph 37 do not require a response, but to the extent that a response is required, Defendants deny all of  the allegations and statements made in Paragraph 37.

38.     Defendants deny all of  the allegations and statements made in Paragraph 38.

39.     Defendants deny all of  the allegations and statements made in Paragraph 39.

40.     Defendants deny all of  the allegations and statements made in Paragraph 40.

41.     Defendants deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or punitive damages as alleged in Paragraph 41.

42.     Defendants deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or punitive damages as alleged in Paragraph 42 from any of the Defendants.  Defendants further deny that they should be held jointly and severally liable or that they are joint tortfeasors.

43.     Defendants believe that the allegations and statements made in Paragraph 43 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 43.

44.     Defendants deny all of the allegations and statements made in Paragraph 44. Defendants deny that a constructive trust imposed on Defendants' funds is appropriate. Defendants deny that Marca-Tel should be a beneficiary of a constructive trust on Defendants' funds.

45.     Defendants deny all of the allegations and statements made in Paragraph 45. Defendants deny that a constructive trust imposed on Defendants' funds is appropriate. Defendants deny that Marca-Tel should be a beneficiary of a constructive trust on Defendants' funds.

46.     Defendants deny all of the allegations and statements made in Paragraph 46.

47.     Defendants deny each and every allegation of the Complaint not specifically admitted, and specifically deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or punitive damages as alleged in its Prayer from any of the Defendants.

48.     Defendants reserve their right to seek leave to amend their answer in accordance with the Federal Rules of Civil Procedure as discovery or other developments in this litigation warrant.

## **ADDITIONAL DEFENSES**

1.      Plaintiff's claims are barred by Plaintiff's unclean hands.

2.      Plaintiff lacked proper authority to file this lawsuit and lacks standing.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

4.      Plaintiff's claims are barred by ratification and the doctrines of waiver and estoppel.

5.      Plaintiff's claims are barred by settlement, res judicata, collateral estoppel, and accord and satisfaction.

6.      Plaintiff's claims are barred by its own negligence.

7.      Plaintiff's claims are barred by its failure to mitigate damages

8.      Plaintiff's claims are subject to offsets and credits.

9.    Plaintiff's claims are barred by mutual mistake of fact and/or law.

10.    Plaintiff fails to state a claim upon which relief can be granted.

11.    Plaintiff's complaint fails to join necessary parties and has a defect in parties.

## REQUEST FOR RELIEF

For these reasons, Defendants request that this Court dismiss this lawsuit, or alternatively that this Court transfer this lawsuit to the Western District of Texas, Austin Division, so that once this matter proceeds in that venue, the Court may enter an Order that Plaintiff take nothing by Plaintiff's Complaint and that its claims be dismissed with prejudice, that the Court grant Defendants judgment against Plaintiff for all of Defendants' costs and expenses, including their reasonable and necessary attorneys' fees, and any other just relief.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Patton G. Lochridge
State Bar No. 12458500
Southern District Bar No. 7619
Carlos R. Soltero
State Bar No. 00791702
Southern District Bar No. 18690
919 Congress Avenue, Suite 1300
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 FAX

By: *Carlos R. Soltero by Patton G. Lochridge with permission*
    Carlos R. Soltero

RODRIGUEZ, COLVIN, & CHANEY, L.L.P.
Mitchell C. Chaney
State Bar No. 04107500
Southern District Bar No. 1918
1201 East Van Buren
Brownsville, Texas 78520
(956) 542-7441
(956) 541-2170 FAX

ATTORNEYS FOR TOMMY K. GARNER,
WESTEL, INC., and WESTEL
INTERNATIONAL, INC.

-7-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Answer of Tommy K. Garner, Westel, Inc., and Westel International, Inc. has been forwarded on this 20th day of March, 2002, to the following parties of record in the manner indicated below:

Edward F. Fernandes                              Via Certified Mail - RRR
Michael Singley
Brobeck, Phleger & Harrison L.L.P.
4801 Plaza on the Lake
Austin, Texas  78746

James DeAnda
Solar & Associates L.L.P.
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas  77056


_____
Patton G. Lochridge