

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

FILED
MAR 2 0 2002
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. B-02-034 |
| vs. | § § | |
| THOMAS K. GARNER, WESTEL, INC.; and WESTEL INTERNATIONAL INC., | § § § § | |
| Defendants. | § | |

## MOTION TO DISMISS UNDER RULE 12(b)(6) AND (7) OF TOMMY K. GARNER, WESTEL, INC. AND WESTEL INTERNATIONAL, INC.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Fed. R. Civ. P. 12(b)(6), and (7), Defendants Tommy K. Garner ("Garner"), Westel, Inc. and Westel International, Inc. ("Defendants") move to dismiss Plaintiff Marca-Tel, S.A. de C.V.'s ("Marca-Tel" or "Plaintiff") Complaint because: (1) Plaintiff fails to state claims of conspiracy or aiding and abetting fraud upon which relief may be granted; and (2) Plaintiff failed to join necessary parties under Fed. R. Civ. P. 19.

### Background

1.  Marca-Tel, a Mexican corporation sued Defendants asserting several claims that essentially restate a fraud claim against three Austin, Texas based Defendants. Defendants deny that any of them defrauded Marca-Tel of any amount of money, that they are liable to Plaintiff, and dispute that Marca-Tel suffered any damages, much less, damages in excess of $9.4 million.

## Argument and Authorities

A.   **Under Rule 12(b)(6), Plaintiff's conspiracy claims should be dismissed.**

2.   No conspiracy claim can exist in cases like this where all the allegations made in Plaintiff's pleadings suggest that a corporation's alleged involvement in a conspiracy to defraud arise from the same conduct of its co-Defendant principal.

3.   A corporation acts only through its human agents. Regardless of rank, an employee acting in the course and scope of his or her duties cannot conspire with the corporation or with other corporate agents in their agency capacity. *Elliott v. Tilton*, 89 F.3d 260, 265 (5th Cir. 1996); *Griffin v. GK Intelligent Systems, Inc.*, 87 F. Supp. 2d 684, 690 (S.D. Tex. 1999)(granting motion to dismiss conspiracy claims); *Wakesfield v. State Farm Ins. Co.*, 75 F. Supp. 2d 545, 549 (N.D. Tex. 1999); *Wilhite v. H.E. Butt Co.*, 812 S.W.2d 1, 5 (Tex. App.—Corpus Christi 1991, no writ).

4.   Neither can a corporation conspire with its own agents in the course and scope. *See e.g., Wilhite*, 812 S.W.2d at 5; *Johnson v. Randall's Food Markets, Inc.*, 869 S.W.2d 390, 399 (Tex. App.—Hous. [1st Dis. 1993], rev'd on other grounds*, 891 S.W.2d 640 (Tex. 1995); *Vosko v. Chase Manhattan, Bank N.A.*, 909 S.W.2d 95, 100 n.7 (Tex. App.—Houston [14th Dist.] 1995, writ denied).

5.   At all relevant times, Westel, Inc. employed Garner, and thus, as a matter of law, no relief could be granted to Plaintiff for any alleged conspiracy between Garner and Westel, Inc.

6.   At all relevant times, Garner was the sole director of Westel International, Inc., and thus, as a matter of law, no relief could be granted to Plaintiff for any alleged conspiracy between Garner and Westel International, Inc.

7.   Parent corporations cannot conspire with their subsidiaries. *See e.g., Deauville Corp. v. Federated Dept. Stores, Inc.*, 756 F.2d 1183, 1192 (5th Cir. 1985); *Atlantic Richfield Co. v. Misty Prods, Inc.*, 820 S.W.2d 414, 420-21 (Tex. App.—Houston [14th Dist.] 1991, writ denied).

8.  The result should be no different for related corporations like Westel, Inc. and Westel International, Inc. Therefore, as a matter of law, no relief could be granted to Plaintiff for any alleged conspiracy between Westel International, Inc. and Westel, Inc.

9.  For these reasons, Defendants request that the Court dismiss Plaintiff's conspiracy claims under Fed. R. Civ. P. 12(b)(6) because Marca-Tel has failed to state a claim of conspiracy upon which relief could be granted.

### B. Under Rule 12(b)(6), Plaintiff's aiding and abetting claims should be dismissed.

10. In 2001, the Texas Supreme Court recently noted that it reserved for another day the determination as to whether aiding and abetting common law fraud is a viable cause of action. *Ernst & Young & Co. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 583 n. 7 (Tex. 2001). Texas has not explicitly recognized a civil claim for aiding and abetting common law fraud. *But see, Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 647 (5th Cir. 1999)(citing to Texas case stating the conspiracy-like notion that each party to fraudulent transaction is responsible for the acts of others done in furtherance of the scheme in reviewing aiding and abetting allegations).

11. The United States Supreme Court has held that private plaintiffs may not recover for allegations of aiding and abetting fraud under the Securities Exchange Act. *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182-91, 114 S.Ct. 1439, 1451-55 (1994). The Court further stated in that statutory context that when a statute creates a cause of action, "there is no general presumption that the plaintiff may also sue aiders and abettors." *Central Bank of Denver, N.A.*, 511 U.S. at 182, 114 S.Ct. at 1451. Many of the Court's arguments against extending that cause of action apply in this case as well.

12. Even if Texas were to recognize a claim for aiding and abetting in common law fraud, the same principles preventing cognizable claims for conspiracy stated above in section A preclude Plaintiff from recovering for any alleged aiding and abetting in common law fraud in this case.

13.     For these reasons, Defendants request that the Court dismiss Plaintiff's aiding and abetting common law fraud claims under Fed. R. Civ. P. 12(b)(6) because Marca-Tel has failed to state a claim of aiding and abetting fraud upon which relief could be granted.

### C.     Under Rule 12(b)(7), Plaintiff's Complaint should be dismissed because it failed to join necessary parties.

14.     Fed. R. Civ. P. 19 provides that a just adjudication requires certain parties. Specifically, Rule 19 identifies that parties *shall* be joined if (1) complete relief cannot be accorded among those already parties without the absent persons or entities, or (2) there are persons claiming an interest relating to the subject of the action who are so situated that the disposition of the action in their absence may leave any of the parties already in the suit subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interests.

15.     There are at least three persons or entities absent from this suit that fall under Rule 19.

16.     Plaintiff has no written contract with any of the Defendants. Instead, the International Interconnection Agreement that is the basis of Plaintiff's claims is a contract between Marca-Tel and Progress International, L.L.C. ("Progress"). To the extent Plaintiff claims it was shorted any amount of money, Plaintiff should have brought those claims against Progress, a necessary party. By failing to sue Progress, Plaintiff has created conditions under which this Court may properly dismiss this suit under Fed. R. Civ. P. 12(b)(7), and Defendants seek such a dismissal.

17.     Similarly, to the extent Plaintiff contends that the conduct of any of the Defendants was fraudulent or otherwise unlawful, Defendants could not have, and did not, commit any of the acts that Plaintiff alleges without the agreement, cooperation, and direct participation of Don Gustavo de la Garza Ortega ("Don Gustavo"), and Craig McBurnett ("McBurnett"), among others. By failing to sue Don Gustavo and McBurnett who are necessary parties, Plaintiff has created conditions under which this Court may properly dismiss this suit under Fed. R. Civ. P. 12(b)(7), and Defendants seek such a dismissal.

## REQUEST FOR RELIEF

For these reasons, Defendants request that this Court dismiss this lawsuit, and grant Defendants any other just relief.

    Respectfully submitted,

    McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
    Patton G. Lochridge
    State Bar No. 12458500
    Southern District Bar No. 7619
    Carlos R. Soltero
    State Bar No. 00791702
    Southern District Bar No. 18690
    1300 Capitol Center
    919 Congress Avenue
    Austin, Texas 78701
    (512) 495-6000
    (512) 495-6093 FAX

    By: _/s/ Carlos R. Soltero by Patton G. Lochridge, with permission_
        Carlos R. Soltero

    RODRIGUEZ, COLVIN, & CHANEY, L.L.P.
    Mitchell C. Chaney
    State Bar No. 04107500
    Southern District Bar No. 1918
    1201 East Van Buren
    Brownsville, Texas 78520
    (956) 542-7441
    (956) 541-2170 FAX

    ATTORNEYS FOR TOMMY K. GARNER,
    WESTEL, INC., and
    WESTEL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded on this 20th day of March, 2002, to the following parties of record in the manner indicated below:

Edward F. Fernandes             Via Certified Mail - RRR
Michael Singley
Brobeck, Phleger & Harrison L.L.P.
4801 Plaza on the Lake
Austin, Texas 78746

James DeAnda
Solar & Associates L.L.P.
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas 77056

Patton G. Lochridge