

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 0 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. B-02-034 |
| vs. | § § | |
| THOMAS K. GARNER, WESTEL, INC.; and WESTEL INTERNATIONAL INC., | § § § § § | |
| Defendants. | § | |

## MOTION TO TRANSFER VENUE OF TOMMY K. GARNER, WESTEL, INC. AND WESTEL INTERNATIONAL, INC.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. § 1404(a), Tommy K. Garner ("Garner"), Westel, Inc. and Westel International, Inc. ("Defendants") move to transfer this case to the Western District of Texas, Austin Division in the interests of justice and for the convenience of the parties and witnesses.

### Background

1. Marca-Tel, S.A. de C.V. ("Marca-Tel" or "Plaintiff"), a Mexican corporation that is not a resident of this District, filed suit in this Court against Defendants asserting several claims that essentially restate a fraud claim against the three Austin, Texas based Defendants.

2. All of the claims arise from actions Defendants allegedly took either in Austin, Texas or in Monterrey, Mexico. All of the discussions alleged by Plaintiff occurred outside this District.

3. During the relevant time period, Marca-Tel had no fiber optic equipment in this District, but existed solely in Mexico. Marca-Tel's switching equipment is located in Monterrey, Mexico.

4. At all relevant times, Westel, Inc.'s switching equipment has been located in Austin, Texas. None of the Defendants own switching equipment in this District.

5.  Defendants deny that any of them defrauded Marca-Tel of any amount of money, and dispute Marca-Tel's allegation that they defrauded Marca-Tel for over $9.4 million.

6.  In determining the propriety of venue, courts look to the Defendants' conduct, not the Plaintiff's conduct, and where the conduct took place. *See e.g., Bigham v. Envirocare of Utah, Inc.,* 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000).

7.  To the extent Defendants acted in relation to Plaintiff, those acts would have taken place in Austin, Texas or in Monterrey Mexico.

**Argument: The Court should transfer this matter to the Western District of Texas, Austin Division under 28 U.S.C. §1404(a) for the convenience of the parties, the witnesses, and in the interests of justice.**

8.  Defendants request that the Court transfer this matter to the Western District of Texas, Austin Division because the factors provided for in 28 U.S.C. § 1404(a) warrant the transfer. Section § 1404, provides in part that:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

9.  Courts routinely apply the following private and public factors: the availability and convenience of witnesses and parties; the location of counsel; the location of pertinent books and records; the place of the alleged wrong; the cost of obtaining attendance of witnesses and other trial expenses; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. *Smirch v. Allied Shipyard, Inc.,* 164 F. Supp. 2d 903, 912-13 (S.D. Tex. 2001); *Bigham,* 123 F. Supp. 2d at 1049; *Houston Trial Reporters, Inc. v. LRP Publications, Inc.,* 85 F. Supp. 2d. 663, 668 (S.D. Tex. 1999). Defendants address each in turn.

### A. The availability and convenience of key witnesses and parties favors a transfer to the Western District of Texas.

10. The convenience of key witnesses ranks as the most important and salient of all factors in a motion to transfer venue. *Smirch*, 164 F. Supp. 2d at 913; *Bigham*, 123 F. Supp. 2d at 1050; *Houston Trial Reporters, Inc.*, 85 F. Supp. 2d at 668; *Americas Ins. Co.*, 894 F. Supp. at 1074; *Andrade v.Chojnacki*, 934 F. Supp. 817, 832 (S.D. Tex. 1996); *Fletcher v. Southern Pacific Transp. Co*, 648 F. Supp. 1400, 1401-02 (E.D. Tex. 1986), *citing*, WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 3851 (1986).

11. All Defendants reside in, or have their principal place of business in, Austin, Texas which is in the Western District of Texas. Location of the parties is a relevant factor in determining the propriety of a transfer under 28 U.S.C. § 1404(a). *Bigham*, 123 F. Supp. 2d at 1050.

12. Plaintiff's Complaint makes it clear that the thrust of its allegations are the allegedly wrongful acts of Garner who resides in Austin, Texas.

13. Apart from Garner, Defendants' key witnesses include the following, all of whom reside in the Western District of Texas include the following: Nick Tondre, Westel, Inc.'s Vice President of Operations; Kathy Lebrun, Westel. Inc.'s Finance Manager.

14. Third-party witnesses who have knowledge relevant to this case and who reside in the Western District of Texas include the following: Ralph Swett, John Fleming, Ben Scott, Jeffrey C. Smith; and Jim Guthrie.

15. The other key witnesses, like Gustavo de la Garza, Cesar Santacruz, Carlos Montemayor, Tim Heaney, and Pedro Salinas, reside in Mexico, and thus a transfer from this District to the Western District would be neutral to witnesses in Mexico.

16. There are no key witnesses who reside in this District.

17. Therefore, the convenience of the witnesses and parties favor a transfer to the Western District, Austin Division.

### B. Location of counsel favors transfer to the Western District of Texas.

18. While the location of counsel weighs less heavily than the convenience of the witnesses, this factor also weighs in favor of transferring this lawsuit to the Western District of Texas. *Americas Ins. Co.,* 894 F. Supp. at 1074.

19. Plaintiff's lead counsel, Edward Fernandes, is the managing partner of Brobeck, Phleger & Harrison, L.L.P.'s offices is in Austin, Texas.

20. Defendants' lead counsel, Patton Lochridge, is the managing partner of McGinnis, Lochridge, and Kilgore, L.L.P., and he offices in Austin, Texas.

21. Therefore, the location of counsel favors a transfer to the Western District of Texas.

### C. The location of documents favors a transfer to the Western District of Texas.

22. Virtually all of Defendants' documents including call records and bills, as well as their facilities and other materials are located in Defendants' principal offices in Austin, Texas in the Western District of Texas.

23. Therefore, the location of documents favors a transfer to the Western District of Texas.

### D. The place of alleged wrongs favors a transfer to the Western District of Texas.

24. To the extent there is a place in Texas where Defendants took the allegedly wrongful acts, they would have taken place in the Western District of Texas where Garner resides and where the other Defendant corporations conduct their business. *See e.g., Bigham,* 123 F. Supp. 2d at 1051; *Smirch,* 164 F. Supp. 2d at 913; *Andrade v. Chojnacki,* 934 F. Supp. 817, 832 (S.D. Tex. 1996).

25. Even when the "alleged injuries" occurred in a district, the critical inquiry is the place where the allegedly wrongful acts were committed. *Smirch,* 164 F. Supp. 2d at 913.

26. Plaintiff's fig leaf for asserting venue in the Southern District is the physical existence of Marca-Tel's ownership of fiber-optic lines in this District. *See* Plaintiff's Complaint at ¶ 9. At all relevant times, Marca-Tel's entire fiber-optic network was located in Mexico. Neither Marca-Tel nor any of the Defendants owned fiber-optic lines in this District in 1997 or 1998, none of the

Defendants have ever owned fiber-optic lines in this District, and on information and belief, Marca-Tel has never owned fiber-optic lines in this District either. More fundamentally, while the physical location of fiber-optic lines might be relevant in a claim based on its malfunctioning or an injury caused by fiber-optic lines, the physical location of the fiber-optic lines has no bearing on this dispute or Plaintiff's claims that Defendants defrauded Plaintiff out of money.

27. Therefore, the place of the allegedly wrongful acts favors a transfer to the Western District of Texas.

### E. The cost of obtaining attendance of witnesses and other trial expenses favors a transfer to the Western District of Texas.

28. Taking the factors listed above into account, trial and other legal proceedings in the Western District would be less expensive to the parties.

29. While maintaining this lawsuit in this District would cause some economic hardship to Defendants including the travel costs of its counsel, no such hardship would result to Plaintiff if this suit were transferred to the Western District of Texas, particularly since their lead counsel's office is in Austin, Texas.

### F. There is virtually no chance of undue delay or prejudice if the Court grants the transfer motion.

30. Other courts in the Southern District of Texas have transferred matters, when appropriate, to the Western District of Texas. *See, Bigham*, 123 F. Supp. 2d at 1051-52; *Andrade v. Chojnacki*, 934 F. Supp. 817, 832 (S.D. Tex. 1996).

31. As in *Bigham*, little activity in this case has occurred to date, and Defendants have sought the transfer prior to the entry of any scheduling conference or scheduling orders. *Bigham*, 123 F. Supp. 2d at 1051.

32. Ordering a transfer to the Western District of Texas, Austin Division "will not cause irreparable harm, nor will it prevent an expeditious and cost-efficient handling of the case." *Bigham*, 123 F. Supp. 2d at 1051; *see also, Andrade*, 934 F. Supp. at 832.

33.     Therefore, the absence of undue delay or prejudice favors a transfer to the Western District of Texas, Austin Division.

### G.    Plaintiff's choice of forum in this case is not entitled to deference.

34.     The original presumption in favor of a plaintiff's choice of a forum does not exist in cases like this one where the Plaintiff is a foreign corporation that does not reside in this District. *See e.g., Americas Ins. Co. v. Engicon, Inc.,* 894 F. Supp. 1068, 1075 (S.D. Tex. 1995)("the Court gives the Plaintiff's choice of forum close scrutiny when the Plaintiff does not live within the [Division]"); *Black & Decker Corp. v. Amirra, Inc.,* 909 F. Supp. 633, 636 (W.D. Ark. 1995); *Ervin & Associates, Inv. v. Cisneros,* 939 F. Supp. 793, 798 (D. Colo. 1996); *see also,* JAMES W.M. MOORE, 17 MOORE'S FEDERAL PRACTICE § 113.[1][c][ii] (3rd ed. 2001).

35.     The same is true when the actions have relatively little relationship to Plaintiff's chosen forum, as in this case. *Andrade,* 934 F. Supp. at 832)(transferring to Western District of Texas).

36.     Ordinarily, non-U.S. Plaintiffs may sue "only where all the defendants reside at the time plaintiffs' claims arose." GARY B. BORN & DAVID WESTIN, INTERNATIONAL CIVIL LITIGATION IN UNITED STATES COURTS: COMMENTARY AND MATERIALS 334 (2nd ed. 1994). Had Plaintiff followed this ordinary presumption, Plaintiff would have filed this lawsuit in the Western District of Texas.

37.     Therefore, Plaintiffs' choice of forum does not prevent a transfer to the Western District of Texas.

## REQUEST FOR RELIEF

For these reasons, Defendants request that the Court transfer this lawsuit to the Western District of Texas, Austin Division, and grant Defendants any other just relief.

Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Patton G. Lochridge
State Bar No. 12458500
Southern District Bar No. 7619
Carlos R. Soltero
State Bar No. 00791702
Southern District Bar No. 18690
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 FAX

By: *Carlos R. Soltero by Patton G. Lochridge with permission*
Carlos R. Soltero

RODRIGUEZ, COLVIN, & CHANEY, L.L.P.
Mitchell C. Chaney
State Bar No. 04107500
Southern District Bar No. 1918
1201 East Van Buren
Brownsville, Texas 78520
(956) 542-7441
(956) 541-2170 FAX

ATTORNEYS FOR TOMMY K. GARNER,
WESTEL, INC., and
WESTEL INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Transfer Venue of Tommy K. Garner, Westel, Inc., and Westel International, Inc. has been forwarded on this 20th day of March, 2002, to the following parties of record in the manner indicated below:

Edward F. Fernandes                         Via Certified Mail - RRR
Michael Singley
Brobeck, Phleger & Harrison L.L.P.
4801 Plaza on the Lake
Austin, Texas  78746

James DeAnda
Solar & Associates L.L.P.
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas  77056

_____
Patton G. Lochridge