UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
RECEIVED

APR 0 8 2002

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARCA-TEL, S.A. DE C.V., | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. B-02-034 |
| THOMAS K. GARNER; WESTEL, INC.; and WESTEL INTERNATIONAL, INC., | § |
| Defendants. | § |

### PLAINTIFF MARCA-TEL'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND REQUEST FOR ORAL ARGUMENT

Plaintiff Marca-Tel, S. A. de C. V. ("Marca-Tel") files this Response in opposition to Defendants' Motion to Dismiss.

### SUMMARY OF THE ARGUMENT

Defendants moved to dismiss Plaintiff's entire Complaint under Federal Rule of Civil Procedure 12(b)(7), arguing that Plaintiff failed to join three parties under Rule 19. To dismiss a case under Rules 12(b)(7) and 19 for failure to join a party, Defendants must show: (1) there is at least one party who should be joined if feasible; (2) the joinder is not feasible; and (3) in that party's absence, the action cannot proceed in equity and good conscience. Defendants have failed to demonstrate that the parties they identify are necessary parties under Rule 19(a). Defendants do not even attempt to satisfy the second and third elements of their burden. Therefore, Defendants' motion is meritless, defective and should be denied.

Defendants also filed a motion under Rule 12(b)(6), arguing 1) that Plaintiff failed to state a claim for conspiracy to commit fraud, because Defendant Garner, as officer and agent of the Westel Defendants, cannot legally conspire with the Westel Defendants, and 2) that Plaintiff

AUSLIB1\MRH\152058.02

failed to state a claim for aiding and abetting fraud, because no such cause of action exists under Texas common law. Defendants' argument as to the conspiracy claim fails because this case is factually distinguishable from the cases cited in Defendants' motion, due to Plaintiff's allegation that Garner was acting as an officer of Marca-Tel when he conspired with the Westel Defendants. Defendants' motion challenging Plaintiff's claim for aiding and abetting fraud does not cite a single case holding that no such cause of action exists under Texas common law, and their argument fails because a recent Fifth Circuit case interpreting Texas common law recognized a cause of action for aiding and abetting fraud.

## I. DEFENDANTS' MOTION TO DISMISS UNDER RULES 12(B)(7) AND 19 IS DEFECTIVE AND MERITLESS

1. Defendants have moved for dismissal of the entire case, pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19, arguing that Plaintiff failed to join three parties as Defendants: Progress International, L.L.C., Gustavo de la Garza Ortega, and Craig McBurnett.

2. Federal Rule of Civil Procedure 12(b)(7) authorizes a motion to dismiss based on the "failure to join a party under Rule 19." Rule 19(a) sets forth a test for identifying parties "to be joined if feasible," usually called "necessary" parties. FED. R. CIV. P 19(a). Rule 19(b) provides that if necessary parties have been identified, but cannot be joined in the suit, the Court must apply the factors set forth in Rule 19(b) to determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." FED. R. CIV. P 19(b).

3. A movant seeking dismissal under Rule 12(b)(7) for failure to join a party under Rule 19 must therefore "show that there is at least one party (1) who should be joined if feasible (a necessary party), (2) whose joinder is not feasible, and (3) in whose absence the action cannot

2

proceed in equity and good conscience (an indispensable party)." *SMI-Owen Steel Co. v. St. Paul Fire & Marine Ins. Co.*, 199 F.R.D. 209, 210 (S.D. Tex. 2001); *see James v. Valvoline, Inc.*, 159 F. Supp. 2d 544, 550 (S.D. Tex. 2001); Wright, Miller & Cooper, *Federal Practice & Procedure* §1609 at 130. "Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." Wright, Miller & Cooper, *Federal Practice & Procedure* §1609 at 130; *see Kelly v. Union Commercial Ins. Co.*, 709 F.2d 973, 977 (5th Cir. 1983).

4.  Defendants' motion must be denied because they have failed to demonstrate that any of the parties they identify are "necessary" parties under Rule 19(a). Moreover, Defendants do not even allege, much less demonstrate, that the identified parties cannot be joined and are also indispensable.

### A. Defendants have failed to demonstrate that any of the parties identified in their motion are "necessary" parties under Rule 19(a).

5.  In their motion, Defendants make the bald assertion that Mr. de la Garza and Mr. McBurnett are necessary parties to this suit. The entire portion of their motion devoted to this point is as follows:

> Similarly, to the extent Plaintiff contends that the conduct of any of the Defendants was fraudulent or otherwise unlawful, Defendants could not have, and did not, commit any of the acts that Plaintiff alleges without the agreement, cooperation, and direct participation of Don Gustavo de la Garza ("Don Gustavo") and Craig McBurnett ("McBurnett"), among others.

*See* Defendants' Motion to Dismiss, p. 4, ¶ 17.

6.  Defendants have utterly failed to show that either Mr. de la Garza or Mr. McBurnett should be considered a necessary party to this case. Defendants' allegations are defective and inadequate because they 1) fail to specify any conduct on the part of either Mr. de

3

la Garza or Mr. McBurnett relevant to this case, and 2) fail to specify what interest or connection either Mr. de la Garza or Mr. McBurnett has to this case. In addition, Defendants have failed to cite any authority and have not explained how they contend the Rule 19(a) factors are satisfied with respect to Mr. de la Garza or Mr. McBurnett.

7. It is not surprising that Defendants offer no argument or authority to support their contention, because neither Mr. de la Garza nor Craig McBurnett can be considered a necessary party as a matter of law. The only thing that can be gleaned from Defendants' meager pleading is a claim that Mr. de la Garza and Craig McBurnett are joint tortfeasors with Defendants in connection with Plaintiff's fraud claim. The United States Supreme Court, however, has clearly held that absent joint tortfeasors are not "necessary" parties under Rule 19(a): "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). *See Nottingham v. General American Comm. Corp.*, 811 F.2d 873, 880 (5th Cir. 1987).

8. Defendants also allege that Progress, L.L.C. is a necessary party because Marca-Tel has a contract with Progress but never had a contract with any of the Defendants. *See* Defendants' Motion to Dismiss, p. 4, ¶ 16. Plaintiff, however, has not sued any of the Defendants for breach of contract, but rather has brought tort claims – fraud, conspiracy to commit fraud, and aiding and abetting fraud – that are *not* based on any contractual relationship either between Plaintiff and Defendants or between Plaintiff and Progress. Defendants fail to explain why Plaintiff's contractual relationship with Progress, which is not the subject of the claims in this case, gives Progress an interest in this case or makes them a necessary party. Once again, Defendants have cited no authority on this point and have failed to evaluate the Rule 19(a) factors as applied to Progress.

4

9. Defendants have failed to demonstrate that any of the parties they identify are necessary parties under Rule 19(a). Their motion to dismiss must be denied for this reason alone.

### B. Defendants' motion neither alleges nor demonstrates that the identified parties cannot be joined.

10. Defendants' motion does not even allege, let alone demonstrate, that Progress International, L.L.C., Gustavo de la Garza Ortega, or Craig McBurnett cannot be joined in this suit. Accordingly, Defendants' motion must be denied for failure to carry their burden on this essential element of the test for dismissal. *See SMI-Owen Steel Co.*, 199 F.R.D. at 210; *James*, 159 F. Supp. 2d at 550; Wright, Miller & Cooper, *Federal Practice & Procedure* §1609 at 130.

### C. Defendants' motion neither alleges nor demonstrates that the identified parties are "indispensable" parties under Rule 19(b).

11. Defendants' motion does not allege, let alone demonstrate, that Progress International, L.L.C., Gustavo de la Garza Ortega, or Craig McBurnett should be considered indispensable parties under Rule 19(b). Defendants' motion alleges only that they are "necessary" parties, not indispensable parties, and does not cite or discuss the applicable factors under Rule 19(b). Accordingly, Defendants' motion must be denied for failure to carry their burden on this essential element of the test for dismissal. *See SMI-Owen Steel Co.*, 199 F.R.D. at 210; *James*, 159 F. Supp. 2d at 550; Wright, Miller & Cooper, *Federal Practice & Procedure* §1609 at 130.

## II. PLAINTIFF PROPERLY ALLEGED CLAIMS FOR CONSPIRACY TO COMMIT FRAUD AND AIDING AND ABETTING FRAUD UNDER TEXAS LAW

12. Defendants also filed a motion to dismiss under Rule 12(b)(6), arguing that Plaintiff's Complaint fails to state a claim for conspiracy to commit fraud or for aiding and

AUSLIB1\MRH\152058.02

abetting fraud (Defendants do not challenge Plaintiff's cause of action for common-law fraud). In considering Defendants' motion, the allegations in Marca-Tel's complaint must be construed in the light most favorable to Marca-Tel. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. G.E. Co.*, 87 F.3d 209, 211 (7th Cir. 1996); *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993); *Marathon Oil Co. v. Texas City Terminal Railway Co.*, 172 F. Supp. 2d 897, 898 (S.D. Tex. 2001). Defendants' motion can be granted only if no possible construction of the allegations will entitle Marca-Tel to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, (1984); *Home Capital Collateral, Inc. v. F.D.I.C.*, 96 F.3d 760, 764 (5th Cir. 1996). Because Plaintiff has properly alleged claims for conspiracy and aiding and abetting fraud under Texas law, Defendants' Rule 12(b)(6) motion to dismiss must be denied.

### A. Plaintiff's conspiracy claim is valid because Defendant Garner conspired with Westel in his capacity as Director General of Marca-Tel.

13.   Defendant Garner, at all times relevant to this lawsuit, has been a director of Defendant Westel International, Inc. and an officer of Defendant Westel, Inc. Defendants argue that Plaintiff's cause of action for conspiracy to commit fraud should be dismissed because, under Texas law, a corporation cannot legally conspire with its own agent or employee acting in the course and scope of his employment or agency. *See* Defendants' Motion to Dismiss, p. 2, ¶¶ 4-6.   In its conspiracy claim, however, Plaintiff did not allege that Garner acted as an agent of the Westel Defendants when he conspired with them. Instead, Plaintiff alleged that *Garner acted in his capacity as Director General of Marca-Tel* when he conspired with the Westel Defendants:

> Garner, in his capacity as Director General of Marca-Tel, acted together with agents and/or employees of the Westel Defendants for the purpose of using the Westel II trunk without the consent of Marca-Tel....

*See* Plaintiff's Original Complaint, p. 12, ¶ 38. The authority Defendants cite in their motion is therefore distinguishable and inapplicable to this case, and Plaintiff's conspiracy claim is clearly valid under Texas law. *See Texas-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 138 (Tex. App.—Texarkana 2000, no pet.); *Fojtik v. First Nat'l Bank of Beeville*, 752 S.W.2d 669, 673 (Tex. App.—Corpus Christi 1988, writ denied); *accord Boone v. Federal Express Corp.*, 59 F.3d 84, 87 (8th Cir. 1995).

14.  Defendants also argue that Plaintiff's conspiracy claim must be dismissed because the two Westel Defendants are affiliated companies. This argument is without merit, because it is based on the incorrect premise that parent and subsidiary corporations cannot legally form a conspiracy together. Defendants cite one case applying Texas law - *Atlantic Richfield Co. v. Misty Prods., Inc.*, 820 S.W.2d 414, 420 (Tex. App.—Houston [14th Dist.] 1991, writ denied) - in support of this argument. The majority of Texas courts considering this question, however, have held that Texas law allows a conspiracy claim against parent and subsidiary corporations that conspire together. *See, e.g., Grizzle v. Texas Commerce Bank, N.A.*, 38 S.W.3d 265, 284 (Tex. App.—Dallas 2001, pet. granted); *Holloway v. Atlantic Richfield Co.*, 970 S.W.2d 641, 644 (Tex. App.—Tyler 1998, no pet.); *Atlantic Richfield Co. v. Long Trusts*, 860 S.W.2d 439, 447 (Tex. App.—Texarkana 1993, writ denied); *Metropolitan Life Ins. Co. v. La Mansion Hotels & Resorts, Ltd.*, 762 S.W.2d 646, 651-52 (Tex. App.—San Antonio 1988, writ dism'd w.o.j.).

15.  Defendants also cite *Deauville Corp. v. Federated Dept. Stores, Inc.*, which does not apply to this case because it was an antitrust case governed by the United States Supreme Court's interpretation of the Sherman Act, and not Texas law. 756 F.2d 1183, 1192 (5th Cir. 1985) (citing *Copperweld Corp. v. Independence Tube Co.*, 467 U.S. 752 (1984)). Indeed, the majority of Texas courts applying the Texas common law of conspiracy have rejected the

7

Sherman Act conspiracy rule articulated in *Copperweld* and *Deauville*. *Grizzle*, 38 S.W.3d at 284; *Holloway*, 970 S.W.2d at 644; *Long Trusts*, 860 S.W.2d at 447; *Metropolitan Life*, 762 S.W.2d at 651-52.

16. Moreover, even assuming that parent and subsidiary corporations could not be held liable for conspiring together, Defendants have cited no authority for the proposition that this rule should be extended to affiliated corporations, such as the Westel Defendants. Finally, the allegation that Garner acted in his capacity as an agent of Marca-Tel also distinguishes this case from the *Atlantic Richfield* case cited by Defendants. In *Atlantic Richfield*, the only defendants named in the conspiracy were parent and subsidiary corporations and their agent acting *within* the course and scope of his employment. *Atlantic Richfield*, 820 S.W.2d at 420-21.

### B. The Fifth Circuit recently recognized aiding and abetting fraud as a valid cause of action under Texas common law.

17. Defendants have also moved to dismiss Plaintiff's claim for aiding and abetting common law fraud without citing a single case holding that the cause of action is invalid under Texas common law. Defendants argue that this claim is not a recognized cause of action under Texas common law. *See* Defendants' Motion to Dismiss, p. 3, ¶ 10.

18. No Texas case has addressed whether a claim for aiding and abetting fraud exists under Texas law. Rather, the Texas Supreme Court stated in a recent opinion that it would reserve decision on this issue for another day. *Ernst & Young & Co. v. Pacific Mutual Life Ins. Co.*, 51 S.W.3d 573, 583 n.7 (Tex. 2001). The Fifth Circuit, however, has recognized an aiding and abetting fraud claim under Texas common law. *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 647 (5th Cir. 1999) (applying Texas law). This recent opinion established the applicable statute of limitations for the aiding and abetting fraud claim: "[W]here a claim of fraud is based

on a defendant aiding and abetting a co-defendant, the appropriate limitations period is the same as the underlying fraud, four years." *Barton Lodge*, 174 F.3d at 647.

19. In *Barton Lodge II*, the Court cited to a Texas case supporting the District Court's holding that "each party to a fraudulent transaction is responsible for the acts of the others done in furtherance of the scheme." *Barton Lodge II, Ltd.*, 174 F.3d at 647 (citing *Crisp v. Southwest Bancshares Leasing Co.*, 586 S.W.2d 610, 615 (Tex. Civ. App.--Amarillo 1979, writ ref'd n.r.e.)). By establishing a limitations period for the claim, the Fifth Circuit implicitly recognized aiding and abetting fraud as a valid cause of action under Texas law. Defendants tacitly acknowledge the point by citing *Barton Lodge II* as contrary authority. *See* Defendants' Motion to Dismiss, p. 3, ¶ 10.

20. Defendants cite one case holding that no aiding and abetting claim may be brought under the federal Securities Exchange Act. *See* Defendants' Motion to Dismiss, p. 3, ¶ 11 (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 182-91 (1994)). That case has no bearing here, of course, because Plaintiff has not alleged any federal securities claims in this action. Instead, Plaintiff's claims are governed by Texas common law, and thus the Fifth Circuit's interpretation of Texas common law in *Barton Lodge II* controls.

21. Because the Fifth Circuit has recognized a claim of aiding and abetting fraud under Texas common law, and Defendants' own motion fails to cite any case holding that no such cause of action exists under Texas common law, Defendants' Rule 12(b)(6) motion to dismiss the claim should be denied.

AUSLIB1\MRH\152058.02

## III.  CONCLUSION

22. For the reasons stated above, Defendants' Motion to Dismiss should be denied in its entirety. Plaintiff respectfully requests a hearing for oral argument on the motion.

AUSLIB1\MRH\152058.02

Case 1:02-cv-00034   Document 10   Filed in TXSD on 04/08/2002   Page 11 of 12

Respectfully submitted,

BROBECK, PHLEGER & HARRISON LLP

By: /s/ Edward F. Fernandes
Edward F. Fernandes
State Bar No. 06932700
Southern District Bar No. 2638
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4090
Fax (512) 330-4001

ATTORNEY-IN-CHARGE FOR
PLAINTIFF MARCA-TEL, S.A. de C.V.

OF COUNSEL:

BROBECK, PHLEGER & HARRISON LLP
Michael Singley
State Bar No. 00794642
Southern District Bar No. 28138
Ashley Rodgers
State Bar No. 24033133
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4170
Fax (512) 330-4001

and

SOLAR & ASSOCIATES LLP
James DeAnda
State Bar No. 05624000
Southern District Bar No. 15484
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas 77056
(713) 850-1212
Fax (713) 850-1199

AUSLIB1\MRH\152058.02

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Defendants' Motion to Dismiss has been served via certified mail, return receipt requested, on April 5, 2002, on all parties of record as indicated below:

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Patton G. Lochridge
Carlos R. Soltero
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701

RODRIGUEZ, COLVIN, & CHANEY, L.L.P.
Mitchell C. Chaney
1201 East Van Buren
Brownsville, Texas 78520

ATTORNEYS FOR DEFENDANTS TOMMY GARNER, WESTEL, INC., AND WESTEL INTERNATIONAL, INC.

_____
Michael Singley

AUSLIB1\MRH\152058.02