*13*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUN 1 9 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-034 |
| | § | |
| THOMAS K. GARNER; WESTEL, INC.; and | § | |
| WESTEL INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

## AGREED MOTION TO RESET THE INITIAL PRETRIAL CONFERENCE

1.      Plaintiff Marca-Tel, S. A. de C. V. and Defendants Thomas K. Garner, Westel, Inc. and Westel International, Inc. move to reset the initial pretrial conference as set forth in the Court's January 25, 2002 Scheduling Order ("Scheduling Order").

2.      The Scheduling Order set the initial pretrial conference for June 24, 2002, and requires that the parties file a joint case management plan at least fourteen (14) days before this pretrial conference.  On its own motion, the Court reset the date of the initial pretrial conference to July 8, 2002.  The parties respectfully request an extension for the initial pretrial conference to August 26, 2002, and request that they be permitted to file the joint case management plan fourteen days before the conference, on August 12, 2002.

3.      The parties request this extension because they have agreed to postpone the filing of pleadings and the serving of discovery (except as specified in Attachment A) until they have attended mediation.  The mediation is scheduled for July 8, 2002.  The extension is necessary so that the parties may mediate and attempt to resolve or narrow the issues in dispute in this lawsuit.  There are no other deadlines in the Scheduling Order impacted by the requested extension.

4.    Accordingly, the parties respectfully request that the Court extend the deadline for submission of the joint case management plan to August 12, 2002, and reset the initial pretrial conference to August 26, 2002.

Dated: June 18 2002.

Respectfully submitted,

BROBECK, PHLEGER & HARRISON LLP

By: *Edward F. Fernandes*

Edward F. Fernandes
Attorney in Charge
State Bar No.06932700
Southern District Bar No. 2638
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4000
Fax (512) 330-4001

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF MARCA-TEL, S.A.de C.V.**

OF COUNSEL:

BROBECK, PHLEGER & HARRISON LLP
Alexandra P. Saenz
State Bar No. 06932700
Southern District Bar No. 26812
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4000
Fax (512) 330-4001

and

SOLAR & ASSOCIATES LLP
James DeAnda
State Bar No. 05624000
Southern District Bar No. 15484
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas 77056
(713) 850-1212
Fax (713) 850-1199

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: _____

Patton G. Lochridge
State Bar No. 12458500
Southern District Bar No. 7619
Carlos R. Soltero
State Bar No. 00791702
Southern District Bar No. 18690
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000
Fax (512) 496-6093

ATTORNEYS FOR TOMMY K. GARNER,
WESTEL, INC. AND
WESTEL INTERNATIONAL, INC.

OF COUNSEL:

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
Mitchell C. Chaney
State Bar No. 04107500
Southern District Bar No. 1918
1201 East Van Buren
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

## CERTIFICATE OF CONFERENCE

Counsel for Marca-Tel and counsel for Defendants Garner, Westel, Inc. and Westel, International have conferred and agree to this Motion to Reset the Initial Pretrial Conference.

**ATTACHMENT A**



# Brobeck

ATTORNEYS AT LAW

June 4, 2002

**VIA FACSIMILE AND U.S. MAIL**

Brobeck, Phleger & Harrison LLP
4801 Plaza on the Lake
Austin, Texas 78746
DIRECT  512.330.4190
FAX  512.330.4001
efernandes@brobeck.com
www.brobeck.com

Mr. Carlos R. Soltero
McGinnis, Lochridge & Kilgore, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701

Re:    Cause No. GN201150, *Tommy K. Garner, and Westel International, Inc. v. Joseph Gordian, John W. Wood, IXC International, L.L.C., Progress International, L.L.C., Marca-Beep, L.L.C., S. de R.L. de C.V., and Gustavo M. de la Garza Ortega*, in the 261st Judicial District Court of Travis County, Texas; and

Civil Action No. B-02-034; *Marca-Tel, S.A. de C.V. vs. Thomas K. Garner, Westel, Inc. and Westel International, Inc.*; in the United States District Court for the Southern District of Texas, Brownsville Division.

Dear Carlos:

This letter confirms our agreement, pursuant to Tex. R. Civ. P. 11, and Fed. R. Civ. P. 29, that our respective clients have agreed to abate and/or stay these two lawsuits, except as itemized in this letter. The parties further agree as follows:

1.    The parties agree to limit discovery to requests for disclosure under Tex. R. Civ. P. 194 and document requests, made pursuant to the Texas Rules of Civil Procedure, until the parties have had the opportunity to attend mediation.

2.    Mr. de la Garza, Marca-Beep, Tommy K. Garner and Westel International, Inc. agree to respond to discovery requests served on or before June 7, 2002 by June 27, 2002.

3.    Within forty-five (45) days of serving each other with document requests, all parties (or their appropriate representatives with authority) will attend a mediation in Austin, Texas. Mr. de la Garza and Mr. Garner will attend in person. Mr. Wood or Mr. Gordian will attend in person.

4.    The parties may serve document requests on third parties. This agreement does not affect the parties' rights to object to such requests in accordance with the Rules.

5.    All parties agree to file this agreement in state court (Cause No. GN201150) and agree to file an agreed motion to modify the scheduling order in federal court (No. B-02-034), with this letter attached as an exhibit.

154648_6

Mr. Carlos R. Soltero
June 4, 2002
Page 2

    6.    Edward F. Fernandes agrees to accept service of process and discovery on behalf of Mr. Gustavo Mario de la Garza Ortega, and will file a responsive pleading by June 7, 2002.

    7.    On behalf of Tommy K. Garner, and Westel International, Inc., Carlos Soltero agrees to grant Progress an extension to file a responsive pleading in this case until July 15, 2002.

    8.    The parties agree that the terms of this agreement are expressly subject to Rule 408 of the Texas Rules of Civil Evidence and Rule 408 of the Federal Rules of Evidence.

    9.    All parties agree to sign the Confidentiality Agreement, attached hereto as Exhibit A

    10.    All parties agree to sign the Tolling Agreement, attached hereto as Exhibit B.

If your clients agree to these terms, then sign the space indicated below.

Very truly yours,

Edward F. Fernandes

Agreed to and accepted by:

By:_____

    Carlos Soltero
    McGinnis, Lochridge & Kilgore, L.L.P.
    1300 Capitol Center
    919 Congress Avenue
    Austin, Texas 78701
    (512) 495-6000 (Telephone)
    (512) 495-6093 (Facsimile)

    Counsel to Tommy K. Garner, Westel, Inc.
    and Westel International, Inc.

By:_Edward F Fernandes_

    Edward F. Fernandes
    Brobeck, Phleger & Harrison LLP
    4801 Plaza on the Lake
    Austin, Texas 78746
    (512) 330-4000 (Telephone)
    (512) 330-4001 (Facsimile)

    Counsel to Marca-Tel, S.A. de C.V.,
    Marca-Beep, L.L.C., S. de R.L. de C.V.,
    and Don Gustavo M. de la Garza Ortega

154648_6

Mr. Carlos R. Soltero
June 4, 2002
Page 2

    6.    Edward F. Fernandes agrees to accept service of process and discovery on behalf of Mr. Gustavo Mario de la Garza Ortega, and will file a responsive pleading by June 7, 2002.

    7.    On behalf of Tommy K. Garner, and Westel International, Inc., Carlos Soltero agrees to grant Progress an extension to file a responsive pleading in this case until July 15, 2002.

    8.    The parties agree that the terms of this agreement are expressly subject to Rule 408 of the Texas Rules of Civil Evidence and Rule 408 of the Federal Rules of Evidence.

    9.    All parties agree to sign the Confidentiality Agreement, attached hereto as Exhibit A.

    10.    All parties agree to sign the Tolling Agreement, attached hereto as Exhibit B.

If your clients agree to these terms, then sign the space indicated below.

Very truly yours,

Edward F. Fernandes

Agreed to and accepted by:

By: _____
Carlos Soltero
McGinnis, Lochridge & Kilgore, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)

Counsel to Tommy K. Garner, Westel, Inc.
and Westel International, Inc.

By: _____
Edward F. Fernandes
Brobeck, Phleger & Harrison LLP
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4000 (Telephone)
(512) 330-4001 (Facsimile)

Counsel to Marca-Tel, S.A. de C.V.,
Marca-Beep, L.L.C., S. de R.L. de C.V.,
and Don Gustavo M. de la Garza Ortega

Mr. Carlos R. Soltero
June 4, 2002
Page 3

By: _____

Roy Minton
Minton, Burton, Foster & Collins
1100 Guadalupe Street
Austin, Texas 78701
(512) 476-4873 (Telephone)
(512) 479-8315 (Facsimile)

Counsel to IXC International, L.L.C., Joseph
Gordian and John W. Wood

PROGRESS INTERNATIONAL, L.L.P.

Tommy K. Garner

_____

Joseph Gordian

06/06/02  10:41 FAX 512 495 6093     BLR                    @008

JUN 05 2002  4:33 PM FR BROBECK-AUSTIN     5123304001 TO 8973#03391Y#0002 P.04
FILE No. 696 06/05 '02 10:17 ID:MINTON BURTON     512 472 8315          PAGE  4

JUN 04 2002  2:55 PM FR BROBECK-AUSTIN     5123304001 TO 7502#03291X#0002 P.04

Mr. Carlos R. Soltero
June 6, 2002
Page 3

By: _____          PROGRESS INTERNATIONAL, L.L.P.
Roy Minton
Minton Burton, Foster & Collins       _____
1100 Guadalupe Street                  Tommy K. Garner
Austin, Texas 78701
(512) 476-4873 (Telephone)
(512) 479-8315 (Facsimile)             _____
                                       Joseph Gordian
Counsel to DXC International, L.L.C., Joseph
Gordian and John W. Wood

154648_6

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-034 |
| | § | |
| THOMAS K. GARNER, WESTEL, INC., | § | |
| and WESTEL INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

Cause No. GN201150

| | | |
|---|---|---|
| TOMMY K. GARNER, and WESTEL | § | IN THE DISTRICT COURT |
| INTERNATIONAL, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JOSEPH GORDIAN, JOHN W. WOOD, | § | |
| IXC INTERNATIONAL, L.L.C., | § | |
| PROGRESS INTERNATIONAL, L.L.C., | § | |
| MARCA-BEEP, L.L.C., S. de R.L. de C.V., | § | |
| and GUSTAVO M. de la GARZA | § | |
| ORTEGA, | § | |
| | § | 261st JUDICIAL DISTRICT |
| Defendants. | § | |

CONFIDENTIALITY AGREEMENT

1.     The parties to the lawsuits described below (collectively, the "Parties") agree that certain documents will be produced solely for the purposes of the litigation between them, and are subject to the terms of this confidentiality agreement (the "Agreement"). The Parties agree as follows:

2.     This confidentiality agreement ("Agreement") shall be applicable to and govern without limitation, all information, things or documents (or portions thereof) produced in

response to formal or informal discovery requests, exchanges of information between the parties, subpoenas and all pleadings, answers to interrogatories, depositions, exhibits, motions, briefs, pre-trial orders, stipulations, responses to requests for admission and all other discovery taken, including testimony adduced at trial in *Marca-Tel, S.A. de C.V. v. Thomas K. Garner, Westel, Inc. and Westel International, Inc.*, Civil Action No. B-02-034, filed in the United States District Court, Southern District of Texas, Brownsville Division, and *Tommy K. Garner, and Westel International, Inc. v. Joseph Gordian, John W. Wood, IXC International, L.L.C., Progress International, L.L.C., Marca-Beep, L.L.C., S. de R.L. de C.V., and Gustavo M. de la Garza Ortega*, Cause No. GN201150 in the 261st Judicial District Court of Travis County, Texas (together, the "Proceedings"), and other information that any party or third party disclosing the information (herein referred to as the "Designating Party") designates as "CONFIDENTIAL" thereafter furnished, filed or served directly or indirectly, by or on behalf of that Party. The treatment of all documents and other information so designated (collectively referred to as "Confidential Material"), shall be governed by the terms of this Agreement.

      3.    Confidential Material shall be designated and marked as follows:

      a.    *Documents:*  All documents produced in response to a discovery request, subpoena duces tecum, request for admission, or submitted in connection with interrogatory answers, exhibits, motions, briefs, pre-trial orders, stipulations, all other discovery taken, and any information contained therein, may be designated as Confidential Material by placing the following legend, or equivalent thereof, on any such document prior to production, service or filing:  "CONFIDENTIAL—FILED SUBJECT TO A CONFIDENTIALITY AGREEMENT AND MAY NOT BE EXAMINED OR COPIED EXCEPT AS NECESSARY FOR THESE PROCEEDINGS."  Such legend shall be placed upon the first page of each document containing Confidential Material and upon each page within such document considered to contain Confidential Material.

      b.    *Magnetic Media Documents:*  Where a document is produced in a magnetic media (such as floppy diskette, CD Rom, or tape), the cartridge, reel, or medium

container shall be marked with the appropriate confidentiality notice as described in paragraph 3(a) above.    To the extent the Designating Party agrees in writing to the printing of any information contained on such media, such printouts will be marked as described in paragraph 3(a) above.

        c.    *Physical Exhibits:*  The confidential status of a physical exhibit shall be indicated by placing a label on said physical exhibit designating it "CONFIDENTIAL MATERIAL OF [Designating Party(s).]"

        d.    *Partial Designations:*  In the case of information incorporated in answers to interrogatories or responses to requests for admission, the appropriate legend shall be placed on the answer or response and such answers or responses shall be separately produced.

        e.    *Deposition Proceedings:*  Designation of portions, or the entirety, of deposition transcripts (including exhibits) as Confidential Material shall be made by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by counsel for the Designating Party within ten (10) business days after counsel's receipt of the transcript. The Court Reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain confidential information and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the Court, and to counsel for the parties bound by the terms of this Agreement.

    4.    With regard to designations made within ten (10) business days after receipt of the deposition transcript of a deposition, counsel shall make such designations by sending written notice to the Court Reporter, to counsel for the parties, and to any other person known to have a copy of said transcript.  The notice shall reference this agreement and identify the pages and/or exhibits so designated.  All copies of transcripts thus designated shall be marked with a notice indicating the confidentiality of the material therein and shall be governed by the terms of this agreement.

5.     Materials designated "CONFIDENTIAL" may be disclosed only to the following persons: the Parties, including any present or former employee thereof to whom it is necessary that the designated material be shown for purposes of the Proceedings; counsel of record for the Parties, and all legal assistants, stenographic and clerical employees working under the supervision of such counsel; the Parties' independent expert(s), but only to the extent necessary for the expert to perform his or her work in connection with the above-captioned matters; any person of whom testimony is taken, where such person was the author or specified recipient of the designated material or is the present employee or expert witness for the Designating Party, or where counsel for the Designating Party has, either before or during the deposition, approved the disclosure of such materials to that person, except that such person may not retain the materials; any other person as to whom the parties first agree in writing; and the Court or mediator in the Proceedings.

6.     Where the consent of a Party is required for disclosure under this Agreement and that consent has been refused, the Party refusing to consent will ensure that it has made a good faith attempt to reach an agreement, including redacting or otherwise limiting the disclosure wherever possible.

7.     Each person to whom Confidential Material is to be made available, except for the mediator, personnel of the Court, and counsel of record for the Parties (and the other persons referenced in paragraph 5 of the Agreement), shall be provided with a copy of this Agreement and shall first acknowledge in writing that they have reviewed the terms of this Agreement by executing the ACKNOWLEDGMENT annexed hereto. Such signed ACKNOWLEDGMENTS shall be retained by counsel for the Parties and shall be available for inspection upon request. The persons receiving materials designated "CONFIDENTIAL" shall not disclose such materials, or information contained therein, to any person, except in conformance with this Agreement.

8.     The recipient of any materials designated "CONFIDENTIAL" provided under the terms of this Agreement shall maintain such information and materials in a secure and safe area

Confidentiality Agreement--Page 4                                                                                    155001

and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

9.      Confidential Material shall not be made available to any person except as authorized under this Agreement. Confidential Material shall not be used for any purposes other than in the prosecution or defense of claims asserted in the Proceedings. In no event shall any person make any public disclosure of the contents thereof except as otherwise agreed by the Parties or required by the Court. However, nothing contained in this agreement shall affect the right of the Designating Party to disclose information designated solely by it under this agreement.

10.     Protests of the designation of Confidential Material will occur only as follows:

a.      If a Party believes that material designated "CONFIDENTIAL" is not in fact the proper subject for such designation, or should be reclassified or revealed to an individual not otherwise authorized to have access to such material under the terms of this Agreement, then such Party shall provide to the Designating Party written notice of this disagreement with the designation. The parties shall first try to resolve such dispute in good faith on an informal basis.

b.      If the Parties are unable to resolve their dispute then the Party challenging the designation may request appropriate relief from a court of competent jurisdiction. It shall be the burden of the Designating Party to establish that the contested material is confidential. In any event, unless and until a Court ruling is obtained changing a designation, or the parties agree otherwise, the material involved shall be treated according to its designation.

11.     Submission of Confidential Material to the Court or mediator shall only be as follows:

a.      A Party who lodges or files any paper, pleading or exhibit containing, discussing, describing or constituting Confidential Material shall state on the first page of the pleading containing such Confidential Material that it contains Confidential Material and is submitted under seal.

Confidentiality Agreement--Page 5                                                    155001

   b. All documents or papers filed in opposition or reply to any sealed motion or document, which opposition or reply discusses, describes or quotes any portion of the contents of such sealed motion or document, shall itself be filed under seal.

   c. All documents, exhibits or papers filed in connection with any proceedings related to compliance with, performance under, construction of or violation of this agreement shall be filed under seal.

  12. Nothing herein shall prevent the use of Confidential Material at arbitration, trial, or any hearing nor shall it prevent the Parties from objecting to such use.

  13. Within thirty (30) days after termination all of the Proceedings and the expiration of time for appeal, if any, all originals and copies of Confidential Material shall be returned to counsel for the respective persons or entities who produced such Material. All extracts from Confidential Material, summaries and compilations thereof, and all written, graphic, and recorded versions of information therein shall be destroyed by each recipient of the material and a certificate of their destruction shall be provided to the Designating Party. The termination of the Proceedings shall not thereafter relieve the Parties from the obligation to maintain the confidentiality of all Confidential Material received pursuant to this Agreement.

  14. Nothing in the foregoing provisions of this Agreement shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of these proceedings or specific documents or testimony as that Party may deem appropriate, including but not limited to restrictions on public disclosure.

155001

By:_____
    Carlos Soltero
    McGinnis, Lochridge & Kilgore, L.L.P.
    1300 Capitol Center
    919 Congress Avenue
    Austin, Texas 78701
    (512) 495-6000 (Telephone)
    (512) 495-6093 (Facsimile)

    Counsel to Tommy K. Garner, Westel, Inc.
    and Westel International, Inc.

By: *Edward F. Fernandes*
    Edward F. Fernandes
    Brobeck, Phleger & Harrison LLP
    4801 Plaza on the Lake
    Austin, Texas 78746
    (512) 330-4000 (Telephone)
    (512) 330-4001 (Facsimile)

    Counsel to Marca-Tel, S.A. de C.V.,
    Marca-Beep, L.L.C., S. de R.L. de C.V.,
    and Don Gustavo M. de la Garza Ortega

By:_____
    Roy Minton
    Minton, Burton, Foster & Collins
    1100 Guadalupe Street
    Austin, Texas 78701
    (512) 476-4873 (Telephone)
    (512) 479-8315 (Facsimile)

    Counsel to IXC International, L.L.C., Joseph
    Gordian and John W. Wood

PROGRESS INTERNATIONAL, L.L.P.

_____
Tommy K. Garner

_____
Joseph Gordian

155001

06/06/02  10:43 FAX 512 495 6093          MLK

JUN 05 2002  4:33 PM FR BROBECK-AUSTIN    5123384801 TO 89734033919#8002 P.11
FILE No. 696 05-05 '02 10:19 ID:MINTON BURTON    512 479 8315    PAGE 11

JUN 04 2002  3:57 PM FR BROBECK-AUSTIN    5123384801 TO 7502483651919#002 P.11

By: _____
Carlos Soltero
McGinnis, Lochridge & Kilgore, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)

Counsel to Tommy K. Garner, Westel, Inc.
and Westel International, Inc.

By: _____
Roy Minton
Minton, Burton, Foster & Collins
1100 Guadalupe Street
Austin, Texas 78701
(512) 476-4873 (Telephone)
(512) 479-8315 (Facsimile)

Counsel to IXC International, L.L.C., Joseph
Gordian and John W. Wood

By: _____
Edward F. Fernandes
Brobeck, Phleger & Harrison LLP
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4000 (Telephone)
(512) 330-4001 (Facsimile)

Counsel to Marca-Tel, S.A. de C.V.,
Marca-Beep, L.L.C., S. de R.L. de C.V.,
and Don Gustavo M. de la Garza Ortega

PROGRESS INTERNATIONAL, L.L.P.

_____
Tommy K. Garner

_____
Joseph Gordian

Confidentiality Agreement—Page 7

JUN 04 2002  3:57 PM FR BROBECK-AUSTIN    5123304001 TO 76324800  .946062 P.11

By: _____

Carlos Soltero
McGinnis, Lochridge & Kilgore, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)

Counsel to Tommy K. Garner, Westel, Inc.
and Westel International, Inc.


By: _____

Roy Minton
Minton, Burton, Foster & Collins
1100 Guadalupe Street
Austin, Texas 78701
(512) 476-4873 (Telephone)
(512) 479-8315 (Facsimile)

Counsel to IXC International, L.L.C., Joseph
Gordian and John W. Wood


By: _____

Edward F. Fernandes
Brobeck, Phleger & Harrison LLP
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4000 (Telephone)
(512) 330-4001 (Facsimile)

Counsel to Marca-Tel, S.A. de C.V.,
Marca-Beep, L.L.C., S. de R.L. de C.V.,
and Don Gustavo M. de la Garza Ortega


PROGRESS INTERNATIONAL, L.L.P.


_____

Tommy K. Garner


_____

Joseph Gordian

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-034 |
| | § | |
| THOMAS K. GARNER, WESTEL, INC., | § | |
| and WESTEL INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

Cause No. GN201150

| | | |
|---|---|---|
| TOMMY K. GARNER, and WESTEL | § | IN THE DISTRICT COURT |
| INTERNATIONAL, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JOSEPH GORDIAN, JOHN W. WOOD, | § | |
| IXC INTERNATIONAL, L.L.C., | § | |
| PROGRESS INTERNATIONAL, L.L.C., | § | |
| MARCA-BEEP, L.L.C., S. de R.L. de C.V., | § | |
| and GUSTAVO M. de la GARZA | § | |
| ORTEGA, | § | |
| | § | 261st JUDICIAL DISTRICT |
| Defendants. | § | |

## ACKNOWLEDGMENT OF CONFIDENTIALITY AGREEMENT

In accordance with paragraph 7 of the Confidentiality Agreement between the parties in *Marca-Tel, S.A. de C.V. v. Thomas K. Garner, Westel, Inc. and Westel International, Inc.*, Civil Action No. B-02-034, filed in the United States District Court, Southern District of Texas, Brownsville Division, and *Tommy K. Garner, and Westel International, Inc. v. Joseph Gordian, John W. Wood, IXC International, L.L.C., Progress International, L.L.C., Marca-Beep, L.L.C., S. de R.L. de C.V., and Gustavo M. de la Garza Ortega*, Cause No. GN201150 in the 261st Judicial

District Court of Travis County, Texas.  I hereby acknowledge that I have read the Agreement and agree to be bound by its terms.

DATED:_____

_____

## EXHIBIT B

## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-034 |
| | § | |
| THOMAS K. GARNER, WESTEL, INC., | § | |
| and WESTEL INTERNATIONAL, INC., | § | |
| | § | |
| | § | |
| Defendants. | § | |

### Cause No. GN201150

| | | |
|---|---|---|
| TOMMY K. GARNER, and WESTEL | § | IN THE DISTRICT COURT |
| INTERNATIONAL, INC. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| JOSEPH GORDIAN, JOHN W. WOOD, | § | |
| IXC INTERNATIONAL, L.L.C., | § | |
| PROGRESS INTERNATIONAL, L.L.C., | § | |
| MARCA-BEEP, L.L.C., S. de R.L. de C.V., | § | |
| and GUSTAVO M. de la GARZA | § | |
| ORTEGA, | § | |
| | § | 261st JUDICIAL DISTRICT |
| Defendants. | § | |

## TOLLING AGREEMENT

      1.    This Tolling Agreement ("Tolling Agreement") is entered into by and between the parties named in *Marca-Tel, S.A. de C.V. vs. Thomas K. Garner, Westel, Inc. and Westel International, Inc.*, Civil Action No. B-02-034 in the United States District Court for the Southern District of Texas, Brownsville Division and the parties named in *Tommy K. Garner, and Westel International, Inc. v. Joseph Gordian, John W. Wood, IXC International, L.L.C., Progress International, L.L.C., Marca-Beep, L.L.C., S. de R.L. de C.V., and Gustavo M. de la Garza Ortega,* Cause No. GN201150, filed in the 261st Judicial District Court of Travis County, Texas.

      2.    The parties entering into this Tolling Agreement are collectively referred to hereinafter as the "Tolling Parties."

3.	The agreed Effective Date of this Tolling Agreement is **May 2, 2002**. The agreed Tolling Period is from the Effective Date to midnight, Central Standard Time, on **August 15, 2002** (the "Tolling Period").

4.	The Tolling Parties allege that they have certain claims and causes of action arising out of transactions between them. These claims and causes of action will be referred to collectively as the "Tolled Claims."

5.	The Tolling Parties agree that during the Tolling Period, no Party shall file any pleadings in the lawsuits described in Paragraph 1 of this agreement, except as stated in Paragraph 6 of the June 4, 2002 Rule 11 Agreement between the Parties, and as may be required by court order. Each of the Tolling Parties agrees that forbearance from filing pleadings during the Tolling Period is adequate consideration for the agreements contained in this Tolling Agreement.

6.	The Tolling Parties expressly stipulate, covenant, and agree that the running of any statute of limitations, statute of repose, laches period, or any similar period of time (whether statutory, equitable, contractual, or otherwise) relating to the Tolled Claims shall be suspended and shall not run during the Tolling Period.

7.	During the Tolling Period, the Tolling Parties agree to preserve all documents, records, and other potential evidence, in electronic form or otherwise, within their care, custody, or control that relate in any way to the Tolled Claims.

8.	This Tolling Agreement is not evidence of any admission by any of the Tolling Parties that any valid claim or cause of action exists against any of the Tolling Parties. The Tolling Parties specifically reserve all of the rights and defenses they may have with respect to the assertion of any Tolled Claim. Further, by entering into this Agreement, the Tolling Parties do not waive any rights or defenses they may possess against other Tolling Parties regarding the assertion of any Tolled Claim.

9.	The Tolling Parties mutually warrant and represent that, prior to the execution of this Tolling Agreement, each of them has thoroughly read this Tolling Agreement and conducted an independent, thorough investigation of all pertinent facts, that each has thoroughly informed itself of the terms, consents, conditions, and effect of this Tolling Agreement, that each has obtained the advice and benefit of counsel of its own choosing, that no representations of any kind have been made to it by or on behalf of any of the parties other than as expressly set forth in this Tolling Agreement, and that each of them thereafter elected knowingly and voluntarily to execute and enter into this Tolling Agreement.

10.	Each of the Tolling Parties stipulates, agrees and warrants: (1) that the terms, extent, and duration of this Tolling Agreement are reasonable, (2) that it will not challenge or contest in any way the capacity or the authority of any party hereto to make the agreements, covenants, waivers, stipulations, and warranties herein set forth, (3) that the person or persons executing this Tolling Agreement on behalf of any of the Tolling Parties has the necessary and appropriate authority and capacity to execute this Tolling Agreement and to make this Tolling

2

Agreement binding upon and enforceable against all such Tolling Parties; and (4) that the consideration for this agreement is mutual and adequate.

11.    This Tolling Agreement constitutes the entire agreement between the undersigned parties with respect to the subject matter hereof, and any prior oral or written statements concerning the same are merged herein for all purposes, and shall be of no force and effect.

12.    This Tolling Agreement can be amended, supplemented, modified or changed only by a written instrument signed by all parties hereto and making specific reference to this Tolling Agreement.

13.    This Tolling Agreement may be executed in any number of counterparts with the same effect as if the signatures on each counterpart were upon a single instrument.    All counterparts, taken together, shall constitute the Tolling Agreement.

Executed this _____ day of ____, 2002.


By:_____
    Carlos Soltero
    McGinnis, Lochridge & Kilgore, L.L.P.
    1300 Capitol Center
    919 Congress Avenue
    Austin, Texas 78701
    (512) 495-6000 (Telephone)
    (512) 495-6093 (Facsimile)

    Counsel to Tommy K. Garner, Westel, Inc.
    and Westel International, Inc.

By:_Edward F. Fernandez_____
    Edward F. Fernandez
    Brobeck, Phleger & Harrison LLP
    4801 Plaza on the Lake
    Austin, Texas 78746
    (512) 330-4000 (Telephone)
    (512) 330-4001 (Facsimile)

    Counsel to Marca-Tel, S.A. de C.V.,
    Marca-Beep, L.L.C., S. de R.L. de C.V.,
    and Don Gustavo M. de la Garza Ortega


By:_____
    Roy Minton
    Minton, Burton, Foster & Collins
    1100 Guadalupe Street
    Austin, Texas 78701
    (512) 476-4873 (Telephone)
    (512) 479-8315 (Facsimile)

    Counsel to IXC International, L.L.C., Joseph
    Gordian and John W. Wood

PROGRESS INTERNATIONAL, L.L.P.


_____
    Tommy K. Garner


_____
    Joseph Gordian

3

06/06/02  16:53 FAX 512 495 6093        MLK                    ✉019

JUN 05 2002  4:36 PM FR BROBECK-AUSTIN        5123304001 TO 8973#033919#0002 P.16
   FILE No. 896 06/05 '02 10:20 ID:MINTON BURTON        512 479 8315                PAGE 16

JUN 04 2002  3:58 PM FR BROBECK-AUSTIN        5123304001 TO 7932#033019#0002 P.16

Agreement binding upon and enforceable against all such Tolling Parties; and (4) that the consideration for this agreement is mutual and adequate.

11.    This Tolling Agreement constitutes the entire agreement between the undersigned parties with respect to the subject matter hereof, and any prior oral or written statements concerning the same are merged herein for all purposes, and shall be of no force and effect.

12.    This Tolling Agreement can be amended, supplemented, modified or changed only by a written instrument signed by all parties hereto and making specific reference to this Tolling Agreement.

13.    This Tolling Agreement may be executed in any number of counterparts with the same effect as if the signatures on each counterpart were upon a single instrument.  All counterparts, taken together, shall constitute the Tolling Agreement.

Executed this _____ day of _____, 2002.


By: _____          By: _____
Carlos Soltero                        Edward F. Fernandez
McGinnis, Lochridge & Kilgore, L.L.P. Brobeck, Phleger & Harrison LLP
1300 Capitol Center                   4801 Plaza on the Lake
919 Congress Avenue                   Austin, Texas 78746
Austin, Texas 78701                   (512) 330-4000 (Telephone)
(512) 495-6000 (Telephone)            (512) 330-4001 (Facsimile)
(512) 495-6093 (Facsimile)
                                      Counsel to Marca-Tel, S.A. de C.V.,
Counsel to Tommy K. Garner, Westel, Inc.   Marca-Beep, L.L.C., S. de R.L. de C.V.,
and Westel International, Inc.         and Don Gustavo M. de la Garza Ortega


By: _____          PROGRESS INTERNATIONAL, L.L.P.
Roy Minton
Minton, Burton, Foster & Collins
1100 Guadalupe Street
Austin, Texas 78701                   _____
(512) 476-4873 (Telephone)            Tommy K. Garner
(512) 479-8315 (Facsimile)


Counsel to IXC International, L.L.C., Joseph   _____
Gordian and John W. Wood              Joseph Gordian


3

** TOTAL PAGE.16 **

** TOTAL PAGE.16 **

SENT BY: Case 1:02-cv-00034   Document 13   Filed in TXSD on 06/19/2002   Page 24 of 24   #17/17
FILE No. 635 06/05 '02 10:20 ID:MMF BURTON   512 479 8315   PAGE 17

JUN 04 2002  3:58 PM FR BROBECK-AUSTIN   5123304801 TO 7932H630019H8862 P.16

Agreement binding upon and enforceable against all such Tolling Parties; and (4) that the consideration for this agreement is mutual and adequate.

11.     This Tolling Agreement constitutes the entire agreement between the undersigned parties with respect to the subject matter hereof, and any prior oral or written statements concerning the same are merged herein for all purposes, and shall be of no force and effect.

12.     This Tolling Agreement can be amended, supplemented, modified or changed only by a written instrument signed by all parties hereto and making specific reference to this Tolling Agreement.

13.     This Tolling Agreement may be executed in any number of counterparts with the same effect as if the signatures on each counterpart were upon a single instrument.   All counterparts, taken together, shall constitute the Tolling Agreement.

Executed this _____ day of ____, 2002.

By:_____

Carlos Soltero
McGinnis, Lochridge & Kilgore, L L.P.
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000 (Telephone)
(512) 495-6093 (Facsimile)

Counsel to Tommy K. Garner, Westel, Inc.
and Westel International, Inc.

By:_____

Roy Minton
Minton, Burton, Foster & Collins
1100 Guadalupe Street
Austin, Texas 78701
(512) 476-4873 (Telephone)
(512) 479-8315 (Facsimile)

Counsel to IXC International, L.L.C., Joseph
Gordian and John W. Wood

By: _Edward F. Fernandes_____

Edward F. Fernandes
Brobeck, Phleger & Harrison LLP
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4000 (Telephone)
(512) 330-4001 (Facsimile)

Counsel to Marca-Tel, S.A. de C.V.,
Maros-Beep, L.L.C., S. de R.L. de C.V.,
and Don Gustavo M. de la Garza Ortega

PROGRESS INTERNATIONAL, L.L.P.

_____
Tommy K. Garner

_____
Joseph Gordian

3

AUSTIN\1AND1D1646(LA)