/6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 1 2 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-034 |
| | § | |
| THOMAS K. GARNER; WESTEL, INC.; | § | |
| and WESTEL INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

## JOIN DISCOVERY / CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Marca-Tel S.A. de C. V. ("Marca-Tel") and Defendants Thomas K.

Garner ("Garner"), Westel International, Inc. and Westel, Inc. hereby submit the following Joint

Discovery/Case Management Plan pursuant to Fed. R. Civ. P. 26(f), Local Rule 16, and the rules

promulgated by this Court.  This report takes the form set forth in the aforementioned Civil

Procedures.

1.      **State where and when the meeting of the parties required by Rule 26(f) was held and**

**identify the counsel who attended for each party.**

Counsel for the parties met and conferred via telephone on August 9, 2002.

Participating in the conference for Plaintiff Marca-Tel was Alexandra P. Saenz; participating for

Defendants Garner and the Westel Defendants was Carlos Soltero.

2.      **List the cases related to this one that are pending in any state or federal court with**

**the case number and court.**

Plaintiff responds:  Defendants Garner and Westel International have instituted an action in Texas State Court, Travis County, cause number GN 201150, against Joseph Gordian, John W. Wood, IXC International, LLC, Progress International, LLC, Marca-Beep, LLC, S. de R.L. de C.V., and Gustavo M. de la Garza Ortega.  The basis of that lawsuit is that the individuals and entities sued caused them not to be able to sell Marca-Tel under terms they desired. However, Marca-Tel is not a party to that action, and it is not a related case.

Defendants respond:  The Travis County lawsuit is a related lawsuit.

**3.      Specify the allegation of federal jurisdiction.**

Federal subject matter jurisdiction attaches here under 28 U.S.C. §1332(a)(2) because Plaintiff Marca-Tel is a citizen of a foreign state (Mexico), all Defendants are citizens of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**4.      Name the parties who disagree and their reasons.**

None.

**5.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff responds:  None.

Defendants respond:   Gustavo M. de la Garza Ortega, Craig McBurnett, and Progress International, L.L.C. should be added as parties.

**6.      List anticipated interventions.**

No party presently anticipates the intervention of any parties.

**7.      Describe class-action issues.**

Not applicable.

LANLIB1\SB3\828409.03

8.    **State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

Neither party has made initial disclosures under Rule 26(a); the parties have agreed to serve initial disclosures on or before September 6, 2002.

9.    **Describe the proposed agreed discovery plan, including:**

A.    **Responses to all the matters raised in Rule 26(f).**

In addition to those responses provided in subsections B through H below, the parties respond as follows:

### *Timing of Initial Disclosures*

The parties have agreed to serve initial disclosures on or before September 6, 2002, which represents an extension of time from August 23, 2002.

### *Phasing of Discovery*

The parties agree that discovery should be divided into fact discovery and expert witness discovery, but that no other phasing is necessary.

### *Subjects for Discovery*

Plaintiff anticipates taking discovery on the following topics:

1.    Amounts due and owing to Marca-Tel under the contracts between it and Defendants;

2.    Representations made by Defendants to Marca-Tel;

3.    Capital contributions made by Defendants to Progress International, including but not limited to the source(s) and amount(s);

4.    Plaintiff's damages;

5.    Defendants' experts;

6.    Any and all defenses asserted by Defendants; and

7.    Any other subject that may arise during discovery.

Defendants anticipate taking discovery on the following topics:

1.    The knowledge of Marca-Tel's agents and employees, directors, shareholders, investment bankers, and/or counsel, including Gustavo de la Garza about the alleged fraud and other causes of action Plaintiff has plead.

2.    The existence of any contracts between Plaintiff and any other entity.

3.    Plaintiff's financial condition, investments, use of its assets, and alleged damages.

4.    Plaintiff's own fraudulent, negligent, and inequitable conduct and other reasons why its claims are barred.

5.    All of Plaintiff's settlements and arrangements with third parties and government agencies.

6.    All claims and defenses plead by either party, including investigation of alleged damages claims and attorneys' fees.

7.    Any other subject that may arise during discovery.

### *Limitations on Discovery*

1.    **Document Requests:**

There shall no limit on the number of document requests to be served by the parties.  Plaintiff and Defendants agree to abide by, and be bound by, the Federal Rules of Civil Procedure.

4

2.      **Interrogatories:**

Plaintiff responds that the Plaintiff shall be limited to a total of 25 interrogatories to be served on any defendant (such that the total number of interrogatories to be served by Plaintiff shall not exceed 25), and that Defendants shall be limited to a total of 25 interrogatories to be served on Plaintiff (such that the total number of interrogatories to be served by all defendants collectively shall not exceed 25).

Defendant responds that each party may serve or be served with 25 interrogatories.

3.      **Depositions:**

> a.      *Fact Witnesses*:      Limited to 10 per side.  No fact witness may be deposed for more than six hours, except for the following witnesses, who may be deposed for up to two days: Tommy K. Garner and Don Gustavo de la Garza Ortega.  Depositions taken pursuant to a Rule 30(b)(6) Notice shall count as one deposition, regardless of the number of topics and witnesses, but shall be limited to one day.  Depositions taken pursuant to (b) of this subsection shall not count against the 10 deposition limit.
>
> Defendants agree with the foregoing, and in addition, Defendants' position is that all depositions in this case shall be deemed cross-noticed in the Travis County lawsuit.  All depositions taken in the Travis county lawsuit may be used in this case as if they were taken in this lawsuit.
>
> b.      *Expert Witnesses*:      Limited to 3 per side.  Each party may depose the other's experts for no longer than one day each,

irrespective of the number of reports submitted by the expert. Expert witnesses may be deposed as fact witnesses. In such case, the deposition will count against the 10 deposition limit, but not against the one-day limit of this paragraph.

### *Discovery Schedule*

Subject to the Court's rules and pending approval of the Court, the parties have agreed on the following discovery schedule.

| | | |
|---|---|---|
| 1. | Rule 16(b) Initial Conference: | August 26, 2002 |
| 2. | Plaintiff's deadline for Identification of experts and the general subject of their testimony, and service of expert reports: | February 24, 2003 |
| 3. | Defendants' deadline for Identification of experts and the general subject of their testimony, and service of expert reports: | March 17, 2003 |
| 4. | Close of fact discovery (all discovery to be served so that due date is no later than): | February 17, 2003 |
| 5. | Deadline for Identification of rebuttal experts and the general subject of their testimony, and service of rebuttal expert reports: | March 31, 2003 |
| 6. | Close of expert discovery | April 15, 2003 |
| 7. | Deadline for Filing Dispositive Motions: | April 1, 2003 |
| 8. | Pre-trial Conference: | April 3, 2003 |
| 9. | Trial: | April 24, 2003 |

The parties will work together to resolve scheduling matters and may agree to make changes to this discovery schedule.

6

**B.    When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to all defendants, timed in such a manner as to require responses prior to the close of fact discovery on February 17, 2003.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiff, timed in such a manner as to require responses prior to the close of fact discovery on February 17, 2003.

**D.    Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff presently anticipates taking the depositions of the following persons, on or before February 17, 2003:

1.    Nick Tondre;

2.    Kathy LeBrun;

3.    Tommy Garner;

4.    Craig McBurnett;

5.    John Fleming;

6.    Ralph Swett; and

7.    Jim Guthrie.

**E.    Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the depositions of the following persons, apart from those on Plaintiff's list, on or before February 17, 2003:

1.    Don Gustavo M. de la Garza Ortega;

2.    Cesar Santacruz;

3.    Carlos Montemayor;

4.    and others.

LANLIB1\SB3\828409.03

F.      **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

February 24, 2003

G.      **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

Defendants have not yet designated any experts; however, Plaintiff anticipates taking the depositions of those experts Defendants designate, on or before April 15, 2003.

H.      **List expert depositions the opposing party anticipates taking and their anticipated completion date.**

Plaintiff has not yet designated any experts; however, Defendants anticipate taking the depositions of those experts Plaintiff designates, on or before April 15, 2003.

10.     **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement on the discovery plan described herein.

11.     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12.     **State the date the planned discovery can reasonably be completed.**

February 17, 2003 for fact discovery; April 15, 2003 for expert discovery.

13.     **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed their recent efforts to resolve the case through mediation on July 9, 2002, and have determined that little possibility of settlement exists in the very near future.

8

14.    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties have undertaken a mediation session on July 9, 2002, and it was unsuccessful.

15.    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and when such a technique may be effectively used in this case.**

The parties have already undertaken a mediation session on July 9, 2002, and it was unsuccessful.

16.    **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiff does not consent to a trial before a magistrate judge. Defendants consent to a trial before a magistrate judge.

17.    **State whether a jury demand has been made and if it was made on time.**

A jury demand was timely made.

18.    **Specify the number of hours it will take to present the evidence in this case.**

Plaintiff estimates that it will take approximately 24 hours to present the evidence in its main case, not including argument, cross-examination of witnesses, or its rebuttal case.

Defendants estimate that it will take approximately 20 hours to present their defense, not including argument or cross-examination of witnesses.

19.    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

A.    Defendants' Motion to Dismiss;

B.    Defendants' Motion to Transfer Venue; and

C.    Plaintiff's Motion for Leave to Amend Complaint.

Defendants may file a Motion for Leave to File Counter-Claims against Marca-Tel and/or Cross-Claims against Third-Parties, as well as those pleadings.

**20.    List other motions pending.**

None.

**21.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Plaintiffs respond that depositions of Mexican nationals under the control of Plaintiff will take place in Brownsville, Texas.

Defendants respond that depositions of Mexican nationals under the control of Plaintiff will take place in Texas.

**22.    List the names, bar numbers, addresses and telephone number of all counsel.**

For the Plaintiff Marca-Tel:

Edward F. Fernandes
State Bar No. 06932700
Southern District Bar No. 2638
Alexandra P. Saenz
State Bar No. 00797263
Southern District Bar No. 26812
BROBECK, PHLEGER & HARRISON LLP
4801 Plaza on the Lake
Austin, Texas  78746
(512) 330-4000
Fax (512) 330-4001

Sarah J. Barney
*Pro Hac Vice Application Pending*
California Bar No. 186391
BROBECK, PHLEGER & HARRISON LLP
550 S. Hope Street
Los Angeles, California  90071
(213) 489-4060
Fax (213) 745-3345

James DeAnda
State Bar No. 05624000
Southern District Bar No. 15484
SOLAR & ASSOCIATES LLP
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas 77056
(713) 850-1212
Fax (713) 850-1199


For the Defendants Garner, Westel, and Westel International:

Patton G. Lochridge                          Mitchell C. Chaney
State Bar No. 12458500                        State Bar No. 04107500
Southern District Bar No. 7619               Southern District Bar No. 1918
Carlos R. Soltero                            RODRIGUEZ, COLVIN &
State Bar No. 00791702                           CHANEY LLP
Southern District Bar No. 18690              1201 East Van Buren
McGINNIS, LOCHRIDGE & KILGORE, LLP           Brownsville, Texas 78520
1300 Capitol Center                          (956) 542-7441
919 Congress Avenue                          Fax (956) 541-2170
Austin, Texas 78701
(512) 495-6000
Fax (512) 495-6093

                              * * * * *

        Dated:        August 9, 2002.

                          Respectfully submitted,

                          FOR PLAINTIFF:

                          BROBECK, PHLEGER & HARRISON LLP

                          *Edward F. Fernandes* /by permission
                          _____
                          Edward F. Fernandes
                          Attorney in Charge
                          State Bar No. 06932700
                          Southern District Bar No. 2638
                          4801 Plaza on the Lake
                          Austin, Texas 78746
                          (512) 330-4000
                          Fax (512) 330-4001

FOR DEFENDANTS:

McGINNIS, LOCHRIDGE & KILGORE, LLP

Patton G. Lochridge / Alixad P. Saenz
by permission

Patton G. Lochridge
Attorney in Charge
State Bar No. 12458500
Southern District Bar No. 7619
1300 Capitol Center
919 Congress Avenue
Austin, Texas 78701
(512) 495-6000
Fax (512) 495-6093

LANLIB1\SB3\828409.03