UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
FILED

AUG 2 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARCA-TEL, S.A. DE C.V., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-034 |
| § | |
| THOMAS K. GARNER; WESTEL, INC.; § | |
| and WESTEL INTERNATIONAL, INC., § | |
| § | |
| Defendants. § | |

## PLAINTIFF MARCA-TEL'S SECOND MOTION
## FOR LEAVE TO AMEND ITS COMPLAINT

Plaintiff Marca-Tel S. de C. V. ("Marca-Tel") hereby moves for leave to amend its Complaint ("Original Complaint") against Tommy K. Garner, Westel International, Inc. and Westel, Inc., and states as follows:

### STATEMENT OF THE ISSUE

Marca-Tel moves for leave to amend its complaint to add claims for breach of contract and related claims. Like the claims already asserted in the Original Complaint, the additional claims asserted in the proposed First Amended Complaint ("Amended Complaint") will relate to long-distance traffic sent to Marca-Tel, for which Westel has refused to pay. As demonstrated herein, leave to amend is in the interests of justice and will neither cause prejudice to Defendants nor delay these proceedings. Marca-Tel lodges its proposed Amended Complaint contemporaneously with this motion.

## **BRIEF STATEMENT OF FACTS**

1. Plaintiff and moving party Marca-Tel is in the business of providing long-distance telephone service and owns a fiber-optic network in Texas and Mexico. Westel International, Inc. and Westel, Inc. (collectively the "Westel Defendants" or "Westel") are also in the long-distance telephone service business, with switching equipment and a customer base located in Texas. Defendant Garner controls the Westel Defendants through his position as President of both Westel companies and his ownership (with his wife alone) of 100% of Westel's stock.

2. On February 25, 2002, Marca-Tel sued Garner and Westel (collectively "Defendants"), alleging four fraud-related causes of action, namely, Fraud, Aiding and Abetting Fraud, Civil Conspiracy to Commit Fraud, and Constructive Trust. These claims arise from Defendants Garner and Westel's defrauding of Marca-Tel of over $9.7 million. Currently pending before this Court are Defendants' Motion to Dismiss Under Rule 12(b)(6) and Motion to Transfer Venue, both filed on or about March 20, 2002. The Initial Pretrial Conference is set for August 26, 2002.

3. The fraudulent scheme underlying Marca-Tel's Original Complaint began in 1997, when Marca-Tel began a business relationship with Garner and Westel, agreeing as part of that relationship that Westel would pay Marca-Tel a fee to carry certain "southbound" international long-distance traffic originating with Westel in the United States and terminating in Mexico. The parties' relationship was governed by an International Interconnection Agreement (the "Interconnection Agreement") between Marca-Tel and Progress International, of which Westel was part owner and Garner was President. At the time, Westel also indirectly owned 24.5% of Marca-Tel.

4.	Shortly after the parties began doing business under the Interconnection Agreement, Garner became the chief executive officer of Marca-Tel and devised a fraudulent scheme for Westel to use Marca-Tel's fiber-optic network to carry international long-distance traffic for Westel without payment, and without Marca-Tel's knowledge or consent. As set forth in detail in the Original Complaint, Garner and his Westel companies made a substantial profit from this scheme because they collected all the customer payments for the additional international long-distance traffic, but never paid Marca-Tel for using its network to carry the traffic into Mexico. Marca-Tel suffered several million dollars in damages due to Defendants' scheme. (*See* Complaint).

5.	Marca-Tel's Original Complaint sought compensatory damages to recover the payments lost as a result of Defendants' fraud and for exemplary damages to punish Garner and Westel. Marca-Tel now seeks to amend its Complaint to include (1) breach of express and implied contract claims seeking restitution and recovery of damages suffered by Marca-Tel when Westel failed to pay agreed-upon sums for using Marca-Tel's network; and (2) an additional claim for constructive trust and appointment of a receiver against Westel to protect against the dissipation of funds illegally and improperly retained by Westel which belong to Marca-Tel.

6.	As described more fully in this memorandum of points and authorities, all of the additional causes of action also relate to Westel's refusal to pay for long-distance traffic it sent over Marca-Tel's fiber-optic network. Accordingly, Defendants will not be prejudiced or unfairly surprised by the proposed amendment. In addition, Marca-Tel does not seek to cause any delay in proceedings by the proposed amendment, and indeed the amendment will cause no such delay. Finally, the interests of justice require that Marca-Tel be permitted to assert these additional claims against Defendants.

## FED.R.CIV.PROC. 15 REQUIRES THAT LEAVE TO AMEND MUST BE FREELY GRANTED WHERE, AS HERE, JUSTICE REQUIRES IT

7.     Under the liberal amendment standard of Rule 15 of the Federal Rules of Civil Procedure, Plaintiff should be granted leave to amend its complaint. Rule 15 provides in part that "a party may amend the party's pleading only by leave of court . . . and <u>leave shall be freely given when justice so requires</u>." Fed.R.Civ.Proc. 15(a) (emphasis added). The Supreme Court underscores that the standard set forth in Rule 15(a) is a liberal one:

> If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely granted."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The case law of this Circuit is in accord. *See, e.g., Lone Star Ladies Invest. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001) (policy favoring leave to amend "a necessary companion to notice pleading and discovery"); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) ("Rule 15(a) expresses a strong presumption in favor of liberal pleading"); *Chitimacha Tribe v. Harry L. Laws Col. Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983) ("Rule 15(a) evinces a bias in favor of granting leave to amend").

8.     Rule 15 thus embodies the liberal pleading and amendment standard sought to be provided by the Federal Rules by "facilitating adjudication on the merits while avoiding excessive formalism." *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Indeed, the purpose of Rule 15(a) "is to assist the disposition of the case on its merits, and to prevent pleadings from becoming ends in themselves." *Chitimacha Tribe, supra*, 690 F.2d at

Plaintiff's Motion for Leave to Amend its Complaint – Page 1
LANLIB1\SB3\828220 03

1163; *see also* Wright Miller & Kane, Federal Practice and Procedure: Civil 2d § 1472 (2nd ed. 1990) (pleadings "no longer carry the burden of fact revelation and issue formulation, which now is discharged by the discovery process"). Typically, leave is denied only for substantial reasons such as those enumerated in *Foman*. *See State of Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995) ("if the court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial") (emphasis added). As demonstrated *infra*, no such reason exists here, and accordingly this Court should grant Marca-Tel's motion.

9. None of the substantial reasons for denying leave to amend enumerated by the *Forman* court is applicable to Plaintiff's Motion. Foremost, no defendant will suffer prejudice if Marca-Tel is permitted to amend its complaint. Discovery has not yet begun. Before the Court reset the scheduling order, Marca-Tel and Defendants agreed that no party would serve any discovery or file any pleadings until the parties had attended mediation, which was concluded on July 9, 2002. Indeed, Marca-Tel informed the Defendants of its plan to seek leave to amend its complaint at that mediation session. Further, the parties have yet to complete the initial pretrial status conference, scheduled for August 26, 2002, at which time the Court will order deadlines for discovery, none of which has been established yet. No trial date has been set. Accordingly, the proposed amendment will not affect the amount of time Defendants have to participate in discovery and prepare for trial. Amendment is mandated under such circumstances. *See, e.g., Jenn-Air Products Co., Inc. v. Penn Ventilator, Inc.*, 283 F.Supp. 591, 594 (E.D. Penn. 1968) (leave to amend not unduly prejudicial where trial was several months away and discovery was in the initial stages).

10. Finally, Marca-Tel brings this motion in good faith, without any intent to delay this proceeding. The addition of the proposed claims will not cause undue complication or

delay of the case, because they – like the claims asserted in the Original Complaint – also arise from Westel's failure to pay for long-distance telephone traffic it sent using Marca-Tel's fiber-optic network. Specifically, the "new" contract claims relate to the failure of Westel to pay Marca-Tel for international and domestic long-distance traffic it <u>did</u> report to Marca-Tel, but failed to pay for, whereas the fraud claims relate to Westel's fraudulent failure both to report and pay for certain other international long-distance traffic. Due to the nature of these claims, the amendment proposed here will not delay or complicate discovery, which has not yet even begun.

## CONCLUSION

For the foregoing reasons, Marca-Tel respectfully requests that this Court grant its Second Motion for Leave to Amend its Complaint.

Dated: August 26, 2002.

Respectfully submitted,

BROBECK, PHLEGER & HARRISON LLP

By: *Edward F. Fernandes* /by permission/ *Ricard P. Saenz*
Edward F. Fernandes
Attorney-in-Charge
Southern District ID #2638
State Bar No. 06932700
4801 Plaza On The Lake
Austin, Texas 78746
(512) 330-4000
(512) 330-4001 (Fax)

ATTORNEYS FOR PLAINTIFF
MARCA-TEL, S.A. DE C.V.

OF COUNSEL:

Alexandra P. Saenz
State Bar No. 00797263
Southern District Bar No. 26812
BROBECK, PHLEGER & HARRISON LLP
4801 Plaza on the Lake
Austin, Texas 78746
(512) 330-4000
Fax (512) 330-4001

Sarah J. Barney
*Pro Hac Vice Application Pending*
California State Bar No. 186391
BROBECK, PHLEGER & HARRISON LLP
550 S. Hope Street
Los Angeles, California 90071
(213) 489-4060
Fax (213) 745-3345

　　　and

SOLAR & ASSOCIATES LLP
James DeAnda
State Bar No. 05624000
Southern District Bar No. 15484
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas 77056
(713) 850-1212
Fax (713) 850-1199

## CERTIFICATE OF CONFERENCE

On August 23, 2002, and August 26, 2002, counsel for Plaintiff conferred with counsel for Defendants. Counsel for Defendants indicated that their clients oppose the relief sought by this motion.

　　　　　　　　　　　　　　　　　　／s／ Alexandra P. Saenz
　　　　　　　　　　　　　　　　　　Alexandra P. Saenz

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Second Motion for Leave to Amend Complaint was forwarded by certified mail, return receipt requested, hand delivery, Federal Express, fax, and/or United States Mail, First Class, on August 26, 2002, to the following:

*U.S. Mail, RRR*
Patton G. Lochridge
Carlos R. Soltero
McGinnis, Lochridge & Kilgore, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin TX 78701
Fax (512) 495-6093

*U.S. Mail, RRR*
Mitchell C. Chaney
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Fax (956) 541-2170

_____
Alexandra P. Saenz