United States District Court
Southern District of Texas
FILED

SEP 2 4 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-034 |
| | § | |
| THOMAS K. GARNER; WESTEL, INC.; | § | |
| and WESTEL INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF MARCA-TEL'S RESPONSE TO DEFENDANTS' SURREPLY REGARDING THE MOTION TO TRANSFER VENUE

Plaintiff Marca-Tel, S.A. de C. V. ("Plaintiff") files its response to Defendants' Surreply Regarding Motion to Transfer Venue and Notice of Additional New Authority as follows:

### SUMMARY OF ARGUMENT

Three weeks after this Court heard oral arguments, Defendants filed a Surreply Regarding Motion to Transfer Venue and Notice of Additional Authority. The purpose of this Surreply is to allegedly present new case law that supports Defendants' position.

In fact, the case cited by Defendants does not shed any new light on this matter. The authority relied on by Defendants merely considers the traditional factors taken into account in the context of a motion to transfer venue, and is also factually distinguishable from the case at hand. For these reasons, Defendants' Motion to Transfer Venue should be denied.

### A. The case cited by Defendants merely considers traditional factors taken into account in the context of a motion to transfer venue.

Defendants have not brought forth any new authority in their recent filing that would justify transferring venue to the Western District. Defendants cite *In Re Horseshoe Entertainment* in an effort to show that the Court has failed to or has wrongly taken certain factors into consideration. *In Re Horseshoe*, No. 02-30682, 2002 WL 31012809 (5th Cir. La., Sept. 10, 2002). In fact, the applicable factors considered by the Court in *Horseshoe* are the traditional factors that are always taken into account in the context of a motion to transfer venue. Defendants have the burden to prove that a transfer of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). The burden is a heavy one, and the motion should not be granted unless the plaintiff's choice of forum "is clearly outweighed by other considerations." *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981). Once again, Defendants have not met this heavy burden and for that reason, this case should remain in the Southern District.

### B. The *Horseshoe* case cited by Defendants is factually distinguishable.

The case cited by Defendants is factually distinguishable from the current situation. *Horseshoe* involved a specific venue statute. The Plaintiff filed a claim under Title VII and the Americans with Disabilities Act. Pursuant to the relevant statutes, the plaintiff was required to file suit in the district where the employment records relevant to such practice are maintained or in the district in which the aggrieved person would have worked but for the alleged unlawful employment practice. The plaintiff in *Horseshoe* did not file her case in either of these Districts. Therefore, the Court reasoned that a Plaintiff's choice of forum is not in and of itself controlling. However, Plaintiff's choice of forum is still considered along with the other applicable factors.

Furthermore, in *Horseshoe*, all parties, witnesses and records were located in the same district. The Court noted that when all relevant factors are satisfied within a particular district, then that is the proper forum for the case to be heard. That is clearly not the case here. Plaintiff is a Mexican corporation headquartered in Monterrey, Mexico. The Chairman of the Board of Marca-Tel, Gustavo Mario de la Garza, as well as key witnesses for both parties reside in Monterrey, Mexico. The documents and records relevant to this case are located in Monterrey, Mexico. Retaining venue in the Southern District strikes a fair balance of convenience for all parties and witnesses. (*See* Marca-Tel's Response to Defendants' Motion to Transfer Venue p. 5, ¶ 7).

### C. Conclusion

For these reasons set forth above, Plaintiff requests that Defendants' Motion to Transfer Venue be denied.

Respectfully submitted,

BROBECK, PHLEGER & HARRISON LLP

By: /s/ Edward F. Fernandes
Edward F. Fernandes
Attorney-in-Charge
Southern District ID #2638
State Bar No. 06932700
4801 Plaza On The Lake
Austin, Texas 78746
(512) 330-4000
(512) 330-4001 (Fax)

ATTORNEYS FOR PLAINTIFF
MARCA-TEL, S.A. DE C.V.

OF COUNSEL:

SOLAR & ASSOCIATES LLP
James DeAnda
State Bar No. 05624000
Southern District Bar No. 15484
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas 77056
(713) 850-1212
Fax (713) 850-1199

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded by certified mail, return receipt requested, hand delivery, Federal Express, fax, and/or United States Mail, First Class, on September 24th, 2002, to the following:

Patton G. Lochridge
Carlos R. Soltero
McGinnis, Lochridge & Kilgore, L.L.P.
1300 Capitol Center
919 Congress Avenue
Austin TX 78701
Fax (512) 495-6093


Mitchell C. Chaney
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
Fax (956) 541-2170

_____
Jennifer E. Brown

Michael N. Milby
August 26, 2002
Page 2

Mitchell C. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520

AUSLIB1\JB25\162663.01