29

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARCA-TEL, S.A. DE C.V., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-02-034 |
| vs. | § | |
| | § | |
| THOMAS K. GARNER, WESTEL, | § | |
| INC.; and WESTEL INTERNATIONAL | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**FIRST AMENDED ANSWER OF TOMMY K. GARNER,**
**WESTEL, INC. AND WESTEL INTERNATIONAL, INC.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Tommy K. Garner ("Garner"), Westel, Inc. ("Westel") and Westel International, Inc., ("Westel International") file their First Amended Answer and Original Counterclaims and in support thereof, respectfully shows the Court the following:

**I. ANSWER**

1. Defendants deny they defrauded Plaintiff Marca-Tel, S.A. de C.V. ("Marca-Tel" or "Plaintiff") of any amount of money, and dispute Marca-Tel's allegation that they defrauded Marca-Tel for over $9.7 million. Defendants admit only that Marca-Tel is in the business of providing long-distance telephone service and owns a fiber-optic network in Mexico. Defendants lack sufficient information to admit or deny as to whether Marca-Tel is in the business of providing long distance telephone service and owns a fiber-optic network in Texas. Defendants admit that Westel and Westel International are in the long-distance telephone service business. Defendants also admit that Westel has switching equipment in Texas, and Westel International leases switching equipment in Texas. Defendants admit that both Westel and Westel International have a customer base in Texas. Defendants admit that Garner is an employee and president of

Westel, that Garner is president of Westel International, and that Garner and his wife are the only shareholders of Westel and Westel International.  Defendants admit that in 1997, Westel International indirectly owned approximately 24.5% of Marca-Tel, but Defendants deny that Westel indirectly owned 24.5% of Marca-Tel in 1997.  Defendants deny all of the other allegations and the remaining portions of Paragraph 1.

2.     After the Director General of Marca-Tel was removed, Garner, John Fleming, Jim Guthrie and Gustavo de la Garza became involved in the administration, management and operation of Marca-Tel on an interim basis until a Director General of Marca-Tel was hired.  Defendants deny all of the other allegations and the remaining portions of Paragraph 2.

3.     Defendants admit that Marca-Tel is a Mexican corporation with its principal place of business in Monterrey, Nuevo León, Mexico as alleged in Paragraph 3.

4.     Defendants admit that Garner is an individual and that he resides in Austin, Texas as alleged in Paragraph 4.  Garner was served with process at 9606 N. MoPac, Suite 700, Austin, Texas 78759.

5.     Defendants admit that Westel is a Texas corporation with its principal place of business in Austin, Texas as alleged in Paragraph 5.  Westel was served with process at 9606 N. MoPac, Suite 700, Austin, Texas 78759.

6.     Defendants admit that Westel International is a Texas corporation with its principal place of business in Austin, Texas as alleged in Paragraph 6.  Westel International was served with process at 9606 N. MoPac, Suite 700, Austin, Texas 78759.

7.     Defendants deny that this Court has subject matter jurisdiction over this controversy as alleged in Paragraph 7.

8.     Defendants admit only that they are residents and citizens of Texas, that they conduct business in Texas, that Garner resides in Austin, Texas, that Garner has his place of business in Austin, Texas, and that Westel and Westel International are Texas corporations whose principal

places of business are in Austin, Texas. Defendants deny all of the other allegations and the remaining portions of Paragraph 8.

9.     Defendants still deny that venue is proper in this Court under 28 U.S.C. § 1391(a) as alleged in Paragraph 9, but Defendants recognize that the Court denied its Motion to Transfer Venue. Defendants deny that a substantial portion of the events or omissions giving rise to Marca-Tel's claims occurred in this District and that a substantial part of the property that is the subject of this action is located in this District. Defendants deny that Marca-Tel owned at all relevant times fiber optic lines in this District that carried Westel or Westel International long-distance traffic at issue in this case, and Defendants lack sufficient information to admit or deny that Marca-Tel now owns the fiber optic lines in this District that carried all the Westel or Westel International long-distance traffic at issue in this case. Defendants deny all of the other allegations and the remaining portions of Paragraph 9.

10.     Defendants admit only that Marca-Tel is in the business of providing long distance telephone service and owns a fiber-optic network in Mexico. Defendants lack sufficient information to admit or deny as to whether Marca-Tel is in the business of providing long distance telephone service or owns a fiber-optic network in Texas. Defendants lack sufficient information to admit or deny the other allegations and the remaining portions of Paragraph 10.

11.     Defendants admit that the Westel and Westel International are in the business of providing long distance telephone service, that Garner is an employee and president of Westel, that Garner is the president of Westel International, and that Garner and his wife are the only shareholders of Westel and Westel International. Defendants admit that Westel owns switching equipment in Texas. Defendants admit that Westel and Westel International have customers in Texas and elsewhere in the U.S., and that Westel and Westel International lease fiber-optic, microwave, and cable lines owned by third-parties to carry their respective long-distance traffic. Defendants deny all of the other allegations and the remaining portions of Paragraph 11.

12.    Defendants admit that southbound traffic traveled from Westel's switching equipment in Austin to Marca-Tel's fiber-optic network in Mexico. Defendants deny all of the allegations and statements made in Paragraph 12.

13.    Defendants deny all of the allegations and statements made in Paragraph 13.

14.    Defendants admit that Marca-Tel entered into a contract, effective January 1, 1997, with Progress International, L.L.C. ("Progress"). Defendants admit that Westel International was a member of Progress. Defendants admit that the contract, the International Interconnection Agreement (the "Interconnection Agreement"), is attached as Exhibit A to Plaintiffs' First Amended Complaint and that Garner signed the International Interconnection Agreement on behalf of Progress. Defendants deny all of the remaining allegations and statements made in Paragraph 14.

15.    Defendants admit that rates are  attached to the Interconnection Agreement. Defendants deny all of the remaining allegations and statements made in Paragraph 15. Specifically, Defendants deny that Plaintiff's interpretation of the Interconnection Agreement is accurate, complete and correct, and that the rates to be paid by parties were totally/accurately or fully contained in the Interconnection Agreement.

16.    Defendants deny all of the allegations and statements made in Paragraph 16. Specifically, Defendants deny that Plaintiff's interpretation of the Interconnection Agreement is accurate, complete, and correct.

17.    Defendants admit that in 1997 Westel International sent southbound international long-distance traffic from Westel's switching equipment in Austin to Marca-Tel's fiber-optic network in Mexico. Defendants deny all of the remaining allegations and statements made in Paragraph 17.

18.    Defendants deny all allegations and statements made in Paragraph 18.

19.     Defendants admit only that in 1997 Garner, together with John Fleming, Jim Guthrie and Gustavo de la Garza provided management services to Marca-Tel on an interim basis, and that at the time, Westel International indirectly owned approximately 24.5% of Marca-Tel. Defendants deny all of the other allegations and the remaining portions of Paragraph 19.

20.     Defendants deny all of the allegations and statements made in Paragraph 20.

21.     Defendants deny all of the allegations and statements made in Paragraph 21.

22.     Defendants deny all allegations and statements made in Paragraph 22.

23.     Defendants admit that Marca-Tel sent invoices to Westel International for long-distance traffic sold to customers as 1-800 or "toll-free traffic." Defendants deny all of the remaining allegations and statements made in Paragraph 23.

24.     Defendants deny all of the allegations and statements made in Paragraph 24.

25.     Defendants do not have sufficient information to admit or deny whether a fraud action has been brought against Garner in Mexico. Defendants deny all of the remaining allegations and statements made in Paragraph 25.

26.     Defendants believe that the allegations and statements made in Paragraph 26 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 26.

27.     Defendants deny all of the allegations and statements made in Paragraph 27.

28.     Defendants deny all of the allegations and statements made in Paragraph 28.

29.     Defendants deny all of the allegations and statements made in Paragraph 29.

30.     Defendants deny all of the allegations and statements made in Paragraph 30.

31.     Defendants deny all of the allegations and statements made in Paragraph 31.

32.     Defendants deny all of the allegations and statements made in Paragraph 32.

33.     Defendants deny all of the allegations and statements made in Paragraph 33.

34.     Defendants deny all of the allegations and statements made in Paragraph 34.

35.    Defendants deny all of the allegations and statements made in Paragraph 35.

36.    Defendants deny all of the allegations and statements made in Paragraph 36.

37.    Defendants deny that Marca-Tel has suffered any damages, and Defendants deny that Marca-Tel is entitled to either actual or exemplary damages as alleged in Paragraph 37.

38.    Defendants deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or exemplary damages as alleged in Paragraph 38 from any of the Defendants.  Defendants further deny that they should be held jointly and severally liable or that they are joint tortfeasors.

39.    Defendants believe that the allegations and statements made in Paragraph 32 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 39.

40.    Defendants deny all of the allegations and statements made in Paragraph 40.

41.    Defendants deny all of the allegations and statements made in Paragraph 41.

42.    Defendants deny all of the allegations and statements made in Paragraph 42.

43.    Defendants deny that Marca-Tel has suffered any damages, and Defendants deny that Marca-Tel is entitled to either actual or exemplary damages as alleged in Paragraph 43 from any of the Defendants.  Defendants further deny that they should be held jointly and severally liable or that they are joint tortfeasors.

44.    Defendants believe that the allegations and statements made in Paragraph 44 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 44.

45.    Defendants deny all of the allegations and statements made in Paragraph 45.

46.    Defendants deny all of the allegations and statements made in Paragraph 46.

47.    Defendants deny all of the allegations and statements made in Paragraph 47.

48.    Defendants deny that Marca-Tel has suffered any damages, and Defendants deny that

Marca-Tel is entitled to either actual or exemplary damages as alleged in Paragraph 48.

49.     Defendants deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is entitled to either actual or punitive damages as alleged in Paragraph 49 from any of the Defendants.  Defendants further deny that they should be held jointly and severally liable or that they are joint tortfeasors.

50.     Defendants believe that the allegations and statements made in Paragraph 50 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 50.

51.     Defendants deny all of the allegations and statements made in Paragraph 51.

52.     Defendants deny all of the allegations and statements made in Paragraph 52.

53.     Defendants deny all of the allegations and statements made in Paragraph 53.

54.     Defendants admit that Marca-Tel's attorneys sent a letter to Westel International in March, 2002 demanding payment of an alleged outstanding amount of $1,418,411.87.  Defendants deny all of the remaining allegations and statements made in Paragraph 54.

55.     Defendants deny all of the allegations and statements made in Paragraph 55.

56.     Defendants deny all of the allegations and statements made in Paragraph 56.  Defendants specifically deny that Defendants committed a breach or that Marca-Tel suffered any damages as a result.

57.     Defendants believe that the allegations and statements made in Paragraph 57 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 57.

58.     Defendants deny all of the allegations and statements made in Paragraph 58.

59.     Defendants admit that Marca-Tel provided invoices to Westel International for toll-free traffic.  Defendants deny all of the remaining allegations and statements made in Paragraph 59.

60.     Defendants deny all of the allegations and statements made in Paragraph 60.

61.    Defendants deny all of the allegations and statements made in Paragraph 61.

62.    Defendants deny all of the allegations and statements made in Paragraph 62. Defendants specifically deny that Defendants committed a breach or that Marca-Tel suffered any damages as a result.

63.    Defendants believe that the allegations and statements made in Paragraph 63 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 63.

64.    Defendants deny all of the allegations and statements made in Paragraph 64.

65.    Defendants deny all of the allegations and statements made in Paragraph 65.

66.    Defendants deny all of the allegations and statements made in Paragraph 66.

67.    Defendants deny all of the allegations and statements made in Paragraph 67.

68.    Defendants believe that the allegations and statements made in Paragraph 68 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 68.

69.    Defendants deny all of the allegations and statements made in Paragraph 69.

70.    Defendants deny all of the allegations and statements made in Paragraph 70.

71.    Defendants deny all of the allegations and statements made in Paragraph 71.

72.    Defendants deny all of the allegations and statements made in Paragraph 72.

73.    Defendants believe that the allegations and statements made in Paragraph 73 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 73.

74.    Defendants deny all of the allegations and statements made in Paragraph 74. Defendants deny that a constructive trust imposed on Defendants' funds is appropriate. Defendants deny that Marca-Tel should be a beneficiary of a constructive trust on Defendants' funds.

75.    Defendants deny all of the allegations and statements made in Paragraph 75. Defendants

deny that a constructive trust imposed on Defendants' funds is appropriate. Defendants deny that Marca-Tel should be a beneficiary of a constructive trust on Defendants' funds.

76.   Defendants deny all of the allegations and statements made in Paragraph 76.

77.   Defendants believe that the allegations and statements made in Paragraph 77 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 77.

78.   Defendants deny all of the allegations and statements made in Paragraph 78. Defendants specifically deny that Defendants committed a breach or that Marca-Tel suffered any damages as a result. Furthermore, Defendants specifically deny that Marca-Tel that any of the Defendants are constructive trustees of monies and assets belonging to Marca-Tel.

79.   Defendants believe that the allegations and statements made in Paragraph 79 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 79.

80.   Defendants believe that the allegations and statements made in Paragraph 80 do not require a response, but to the extent that a response is required, Defendants deny all of the allegations and statements made in Paragraph 80.

81.   Defendants deny all of the allegations and statements made in Paragraph 81.

82.   Defendants deny all of the allegations and statements made in Paragraph 82.

83.   Defendants deny all of the allegations and statements made in Paragraph 83.

84.   Defendants deny all of the allegations and statements made in Paragraph 84. Defendants specifically deny that the appointment of a receiver in this case is needed since the factors typically warranting the appointment of a receiver are not present in this case: there is no imminent danger that property will be concealed, lost, or diminished in value, nor are legal remedies inadequate in this case. Defendants deny that the extraordinary equitable remedy of a receiver would be appropriate and will argue that the appointment of a receiver would do more

harm than good.

85.     Defendants deny each and every allegation of the Complaint not specifically admitted, and

specifically deny that Marca-Tel has suffered any damages and Defendants deny that Marca-Tel is

entitled to either actual or punitive damages as alleged in its Prayer from any of the Defendants.

86.     Defendants reserve their right to seek leave to amend their answer in accordance with the

Federal Rules of Civil Procedure as discovery or other developments in this litigation warrant.

## II.  ADDITIONAL DEFENSES

1.     Plaintiff's claims are barred by Plaintiff's unclean hands.

2.     Plaintiff lacked proper authority to file this lawsuit and lacks standing.

3.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

4.     Plaintiff's claims are barred by ratification and the doctrines of waiver and estoppel.

5.     Plaintiff's claims are barred by settlement, res judicata, collateral estoppel, and accord and

satisfaction.

6.     Plaintiff's claims are barred by its own negligence.

7.     Plaintiff's claims are barred by prior material breach, repudiation, and excuse.

8.     Plaintiff's claims are barred by the statute of frauds.

9.     Plaintiff's claims are barred by its failure to mitigate damages.

10.     Plaintiff's claims are subject to offsets and credits.

11.     Plaintiff's claims are barred by mutual mistake of fact and/or law.

12.     Plaintiff fails to state a claim upon which relief can be granted.

13.     Plaintiff's complaint fails to join necessary parties and has a defect in parties.

## III. COUNTERCLAIM

1.     Plaintiff Marca-Tel, together with Mr. Gustavo Mario de la Garza Ortega ("Don

Gustavo"), Marca-Beep, L.L.C., S. de R.L. de C.V. ("Marca-Beep") and Fomento Radio Beep,

S.A. de C.V. ("Radio Beep") has conspired to defraud Westel International and Garner of the

value of their interests in Grupo Marca-Tel, S.A. de C.V. ("Grupo Marca-Tel") and Marca-Beep in a transaction with Sky-on-Line, Inc. ("SOL") involving the sale of Grupo Marca-Tel.

2.      Grupo Marca-Tel is the holding company of Marca-Tel.  Marca-Beep owns 49% of Grupo Marca-Tel.  Marca-Beep, in turn, is owned by Don Gustavo.  In addition to Marca-Beep's interest in Grupo Marca-Tel, Don Gustavo directly owns 2% of Grupo Marca-Tel.  Therefore, Don Gustavo and his affiliates own at least 51% of Grupo Marca-Tel.

3.      Progress owns the remaining 49% interest in Grupo Marca-Tel.  In addition, Progress owns certain preferred non-voting ownership interests in Marca-Beep.  Progress was formed in 1994 by Westel International and Link Net International, Inc. (which was succeeded in interest by IXC International, Inc. ("IXC")) in order to do business with Don Gustavo in the newly privatized and competitive Mexican long-distance telephone market.

4.      Prior to the restructuring in 1998, Don Gustavo and his affiliates owned 51% of Marca-Tel, and Progress owned 49% of Marca-Tel.  However, although Don Gustavo and his affiliates owned 51% of Marca-Tel, Don Gustavo and his affiliates did not provide any financing for Marca-Tel.  Rather, IXC and Westel International, through Progress, contributed to the financing of Marca-Tel substantially in excess of their respective ownership interests by advancing funds to Don Gustavo which by agreement were to be repaid through the preferred ownership interests in Marca-Beep.

5.      Don Gustavo and his affiliates did not, and have not, invested their own funds in Marca-Tel or in Grupo Marca-Tel.

6.      In the fall of 2000, Don Gustavo, unbeknownst to Garner, Westel International or Progress, negotiated the sale of Progress's shares in Grupo Marca-Tel to third-party SOL.  Don Gustavo and his agents, affiliates, and advisors falsely represented to Garner and Westel International the valuation of Grupo Marca-Tel and Westel International's share in Grupo Marca-Tel.

7.      Despite numerous requests, for months Don Gustavo and his agents, affiliates, and

advisors, as well as Marca-Tel, refused to disclose all of the material terms of the proposed SOL transaction. Only on the eve of the closing with SOL did Don Gustavo, his agents, affiliates, and advisors disclose the extremely lucrative terms of the transaction to Don Gustavo which would have taken place at the expense of Garner, Westel International and others.

8.    Because of the massive disparity between the sale of Don Gustavo and his affiliates' interests in the SOL transaction and the sale of Westel International's interests, Garner and Westel International refused to proceed with the closing of the SOL transaction under the proposed terms, but instead proposed equitable terms.

9.    Instead of dealing fairly with the minority-interest holders, Don Gustavo became enraged, threatening legal actions against Garner and Westel International, including repeatedly threatening criminal actions against Garner. In addition to the acts Don Gustavo engaged in against Garner, the actions of Don Gustavo and his agents, affiliates, and advisors proximately caused the SOL deal to fail, causing Garner and Westel International to suffer millions of dollars in damages.

10.    Since the failure of the SOL transaction, Don Gustavo, Marca-Tel, Marca-Beep, Grupo Marca-Tel, Radio Beep and others have systematically conspired to defraud Garner and Westel International of the value of their interests in Grupo Marca-Tel and Marca-Beep and to convert Garner and Westel International's interests in Grupo Marca-Tel and Marca-Beep.

11.    Marca-Tel filed this lawsuit against Defendants after the SOL transaction failed. In addition, Marca-Tel alleges to have instituted a criminal fraud action in Monterrey, Mexico, against Garner.

12.    Although Westel International is an indirect owner of Marca-Tel through Progress and Garner is a director of Marca-Tel and Grupo Marca-Tel, Marca-Tel's officers and managers have refused to provide Garner or Westel International with information regarding Marca-Tel and Grupo Marca-Tel since the failed SOL transaction and despite numerous requests. The withheld information includes full and complete financial information, information on whether Marca-Tel

has sold any assets, and information on whether Marca-Tel has entered into any transactions that could affect its financial status and/or viability.

13.    In addition, the shareholders and directors of Grupo Marca-Tel and Marca-Tel have conducted meetings in secret without proper notice to Progress, a shareholder of Grupo Marca-Tel or Garner, a director of both companies and have attempted to dilute Garner's rights and authority to act on behalf of Grupo Marca-Tel and Marca-Tel.

## CONSPIRACY

14.    Defendants incorporate paragraphs 1-13 as if set forth herein.  Marca-Tel, together with its holding company Grupo Marca-Tel, has conspired with Don Gustavo, Marca-Beep, and Radio-Beep by engaging in conduct seeking to accomplish unlawful purposes and/or lawful purposes by unlawful means, which have proximately caused damages to Defendants.  Marca-Tel is, therefore, liable to Defendants for conspiracy.

## **REQUEST FOR RELIEF**

For these reasons, the Defendants respectfully request that the Court set this case for trial and render judgment that Plaintiff take nothing by its action against Defendants and that Defendants have and recover judgment on their counterclaims for all of Defendants' actual and economic damages, attorneys' fees, prejudgment interest, post judgment interest and court costs, all in accordance with law.  Defendants requests such other and further relief, general and special, at law and in equity, to which they are justly entitled.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Patton G. Lochridge
State Bar No.  12458500
Southern District Bar No. 7619
Carlos R. Soltero
State Bar No. 00791702
Southern District Bar No. 18690
919 Congress Avenue, Suite 1300
Austin, Texas  78701
(512) 495-6000
(512) 495-6093 FAX

By: _Carlos Soltero y/mRPT_____
    Carlos R. Soltero

RODRIGUEZ, COLVIN, & CHANEY, L.L.P.
Mitchell C. Chaney
State Bar No. 04107500
Southern District Bar No. 1918
1201 East Van Buren
Brownsville, Texas 78520
(956) 542-7441
(956) 541-2170 FAX

ATTORNEYS FOR TOMMY K. GARNER,
WESTEL, INC., and WESTEL
INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Original Answer of Tommy K. Garner, Westel, Inc., and Westel International, Inc. has been forwarded on this 5th day of November, 2002, to the following parties of record in the manner indicated below:

Edward F. Fernandes                    Via Certified Mail - RRR
Jennifer Brown
Brobeck, Phleger & Harrison L.L.P.
4801 Plaza on the Lake
Austin, Texas  78746

James DeAnda
Solar & Associates L.L.P.
Williams Tower
2800 Post Oak Blvd.
Suite 6300
Houston, Texas  77056

_____
Carlos R. Soltero